This is a motion to set aside two subdivision orders affecting registered land, the latter of which is amendatory of the former, entered by the judge of the land court on June 6, 1940, and September 16, 1940, respectively, and received for recordation in the office of the assistant registrar of the land court. The subdivisions were of land of which Clarence Y. Shimamura was the registered owner in fee and involved a 5-foot strip included therein which, with a 5-foot strip immediately adjoining, of which movants were the registered owners in fee, together constituted a perpetual right of way for use in common by movants, Shimamura and others named. Demurrers to the motion were sustained and the motion dismissed. From the order of dismissal the movants prosecuted error.
Plaintiffs in error specify the following errors:
1. That the subdivision orders were improperly entered and should not have been received for recordation by the assistant registrar of the land court for the reasons: (a) that the subdivision orders were secured ex parte and without notice to movants; (b) that the movants as co-users with Shimamura (at whose instance the subdivision orders were entered) of the right of way were entitled to notice and an opportunity to be heard upon the subdivision orders under the provisions of Revised Laws of Hawaii 1935, section 5070 (R.L.H. 1945, § 12670), and Revised Laws of Hawaii 1935, section 5097 (R.L.H. 1945, § 12697); (c) failure of the registered owner Shimamura to comply with the provisions of the existing ordinances of the City and County of Honolulu, viz., ordinance number *Page 262 
306, as amended by ordinances numbers 375 and 404, requiring the approval by the board of supervisors of the City and County of Honolulu of a plan for a subdivision of land within the City and County of Honolulu for the purpose of the sale of lots therein and/or to comply with the succeeding ordinance of the City and County of Honolulu, viz., ordinance number 865, which became effective November 27, 1940, upon the repeal of ordinance number 306, with its amendments, requiring the approval of the city planning commission of the City and County of Honolulu of plans of subdivisions of land within the city and county for the purposes of sale, lease or rent for all except agricultural purposes;
2. That the orders of subdivision did not conform to the requirements of Laws of 1939, Act 242, section 4 (69), § 3133.5, for the reasons (a) that although no master plan had been adopted by the city planning commission prior to September 16, 1940, the date of entry by the land court of the second subdivision order, the subdivision affected land "situated in the city of Honolulu" (the district of Honolulu) and, pursuant to the provisions of Revised Laws of Hawaii 1935, section 5120, as amended by Laws of 1939, Act 242, section 11 (1) and Revised Laws of Hawaii 1935, section 5040, section 3133.5 applies; (b) that plans of the orders of subdivision did not have the approval of the city planning commission as required by section 3133.5, supra, and therefore were not entitled to be received for recordation or filing in the office of the assistant registrar of the land court;
3. That the respondents-assignees of Shimamura who had bought lots in the subdivision and had constructed improvements thereon were not "subsequent purchasers" "for value and in good faith" within the meaning of those terms as employed in Revised Laws of Hawaii 1935, section 5041, for the reason that by section 3133.8, in the *Page 263 
absence of an approved plan, sales of lots in the subdivision were prohibited, and under the provisions of section 3133.7 building permits for improvements were illegally issued;
4. That by reason of the foregoing recited defects, indicated by the records of the land court, the respondent-mortgagee at the time it acquired its security interest in the lots subject to the subdivision of September 16, 1940, was not a "subsequent purchaser" "for value and in good faith" within the meaning of those terms employed in section 5041, supra.
The issue of the litigable interest of the movants in the subject matter of the motion was not passed upon by the judge of the land court; in fact, he expressly refrained from so doing and the question is therefore not before us in this case.
Assuming but not deciding that specifications of error 1-a and 1-b are well-taken, if, as we hold, the two subdivision orders were properly entered and were entitled to be received for recordation in the office of the assistant registrar of the land court, the alleged irregularities in the proceedings before the land court resulting in the entry and recordation of the subdivision orders complained of become immaterial. We shall therefore proceed to the consideration of specifications of error 1-c and 2.
1-c. Before the passage by the 1939 legislature of Act 242, the only provisions of law expressly applicable to the land court of the Territory upon the subject of private subdivisions, and which were in effect at the time the subdivision orders were entered, were those contained in Revised Laws of Hawaii 1935, section 5044, the full text of which is quoted in the margin.[1] The only requirements *Page 264 
of section 5044 in respect to subdivisions were that the owner proposing to subdivide registered land file with the court an application therefor, together with a map or plan showing the proposed subdivision, and accurately delineating thereon all boundaries, streets, passageways and other easements connected therewith, and requiring the court, before approving the same and authorizing the issuance of any new certificate or certificates thereon, to cause the same to be verified by the territorial surveyor and be satisfied that the same were accurately represented. Obviously, compliance with these provisions accomplished the dual purpose of identification of the lots included in the subdivision according to their boundaries and existing *Page 265 
streets, passageways and other easements connected therewith, and furnished the data necessary for the issuance of new certificate or certificates accordingly as the owner exercised the option afforded him by the other provisions of the section to receive, with the approval of the court, separate certificates of individual portions of the subdivision.
At the same time a municipal ordinance existed upon the subject of the subdivision of land within the City and County of Honolulu for the purpose of the sale of lots therein, viz., ordinance number 306, as amended by ordinances numbers 375 and 404. We do not deem it necessary to set forth the several provisions of ordinance number 306 as finally amended by ordinance number 404. Briefly stated, it is a municipal police measure regulating the subdivision of land for the purposes of sale within the City and County of Honolulu. It requires, as a condition precedent to disposing or offering to sell lots in any proposed subdivision, the approval by the board of supervisors of the city and county of a plan of such subdivision, including among other requirements, specifications of the streets, curbs and sidewalks to be constructed and the utilities and street survey monuments to be installed, all of which such specifications must comply with the standards of construction and installation respectively prescribed by the ordinance. It also requires that after the approval of the subdivision plan by the board of supervisors and before the sale of lots in the subdivision, all streets constructed and utilities and street survey monuments installed be constructed and installed respectively in conformity with the approved plan and specifications. Violation of the provisions of the ordinance is made a misdemeanor, punishable by fine or imprisonment or both.
If it were incumbent upon Mr. Shimamura, prior to disposing or offering to sell lots in the subdivision, to secure the approval of the board of supervisors of the *Page 266 
city and county of a plan of such subdivision, the question arises whether compliance with provisions of the ordinance in that respect was a condition precedent to the approval of the subdivision by the land court. We think not. No provision of law existed expressly prohibiting the approval by or the acceptance for recordation in the land court of a subdivision unless it had the prior approval of the board of supervisors. Nor may such prohibition be implied. The purposes and objects of the law requiring approval by the judge of the land court on the one hand and the purposes and objects of the law requiring the approval of the board of supervisors on the other were unrelated and independent of each other. Those of the former have already been pointed out. Those of the latter have direct relation to the general powers of the board of supervisors in respect to streets,[2] sidewalks and curbs[3] and its special powers to regulate and require the laying of water and sewer mains in new subdivisions of land before the same were offered for sale and to prescribe the conditions under which such mains shall be laid,[4] all purely municipal.
Nor did the approval of the subdivision by the judge of the land court give judicial sanction to an unlawful act. The absence of approval by the board of supervisors of the proposed subdivision could not become unlawful until lots were disposed of or offered for sale. The application to and the approval by the land court of the subdivision could legally precede an application to and approval by the board of supervisors of a plan of the same subdivision. It is conceivable that even after approval of the subdivision by the land court prior to offering any lots for sale the subdivision might be abandoned. *Page 267 
Ordinance number 865 was not in existence in June, 1940, and obviously did not apply.
The contention that by the provisions of Revised Laws of Hawaii 1935, section 3133.5, the assistant registrar of the land court was prohibited from receiving a map of the subdivision for recordation unless the same had been approved by authority of the city planning commission is also without merit. Section 3133.5 is one of the twelve new sections, viz., sections 3133 to 3134.1, inclusive, added to chapter 88 of the Revised Laws of Hawaii 1935 under the subtitle "City Planning Commission" by section 4 (69) of Act 242 of the Session Laws of 1939. A city planning commission had previously been created by the board of supervisors of the city and county pursuant to the powers reposed in it by Revised Laws of Hawaii 1935, section 3021, subparagraph 9, and this subparagraph of the section was amended out of the section by section 4 (15) of the Act. Other amendments in parimateria were the amendment of Revised Laws of Hawaii 1935, section 5044, by section 10 of the Act, and of Revised Laws of Hawaii 1935, section 5120, by section 11 (1). The amendment of section 5044 was by deleting the period at the end of the section and inserting a comma in lieu thereof and the words and figures, "and that the applicant has complied with section 3133.5." The amendment of section 5120 was by inserting at the end of the second paragraph the following: "If the land is situated in the city of Honolulu, as defined in section 3001, or is within any other area of the city and county to which the master plan of said city has been extended, any plan for a subdivision thereof, as defined in section 3133.5 shall, before approval by the court, be subject to approval by the city planning commission in like manner as subdivisions under said section 3133.5." The effective date of Act 242 of *Page 268 
Session Laws of 1939 was June 1, 1939.[5] But not all of the amendments to which we have referred, including section 3133.5, became legally operative upon the effective date of the Act. By section 3133.3 the city planning commission was directed to prepare as soon as practicable, but not later than December 31, 1941 (extended by amendment to December 31, 1945), a master plan of the City of Honolulu and of such other areas of the city and county as might be made subject thereto pursuant to the procedure therefor provided in section 3133.4, enumerating the subject matters of the plan. Section 3133.5 by its express terms became operative "After the date of the adoption of the master plan as provided in section 3133.3." Neither the amendment of section 5044 nor the amendment of section 5120 expressly postponed their operation but such postponement is necessarily implied from its context and the definitions contained in both amendments of the term "subdivision plan."
An Act of the legislature becomes a law upon its approval by the governor[6] unless its operation is postponed by its own terms. Where an Act of the legislature contains certain provisions that are postponed to take effect at a future date and there is no implication or expression therein that the Act itself should be postponed, the Act itself takes effect upon approval and the only sections postponed to take effect are those where the postponement is expressed therein or is to be implied therefrom.[7] So that while Laws of 1939, Act 242, especially provided that the Act take effect June 1, 1939, by the express terms of section 3133.5 and by the implications arising from the language of the amendments of sections 5044 and 5120, their operation was postponed until after the date of the *Page 269 
adoption of the master plan. There is no legal objection to different provisions of the same Act taking effect at different times at the will of the legislature.[8] Hence it is that at the time the subdivision orders were entered, upon the admission that the master plan, the preparation of which was required by section 3133.3, had not yet been adopted, the provisions of section 3133.5 and the amendments of sections 5044 and 5120 did not apply.
Under the circumstances, there was no legal impediment to the entry by the land court of the subdivision orders nor to their acceptance for recordation in the office of the assistant registrar of the land court.
3 and 4. Holding, as we do, that the subdivision orders were properly entered and it was the duty of the assistant registrar of the land court to receive them for recordation, it becomes unnecessary to decide whether the respondents-assignees or the respondent-mortgagee were "subsequent purchasers" "for value and in good faith" within the meaning of those terms as employed in Revised Laws of Hawaii 1935, section 5041.
Judgment affirmed.
[1] "Substitution, one certificate for several, several for one; subdivisions, map. A registered owner holding one duplicate certificate for several distinct parcels of land may surrender it, with the approval of the court, and receive separate certificates for portions thereof. A registered owner holding separate duplicate certificates for two or more distinct parcels of land, which are contiguous, or which are so adjacent (although separated by a roadway or stream or other strip of land) as to form one lot of land for practical use, may surrender the certificates, and, with like approval and by a decree of the court, receive a single original and duplicate certificate for the whole, or separate certificates for subdivisions thereof, issued in place of the surrendered certificates; provided, however, that if any person or persons other than the registered owner shall appear to have an interest in any part of the premises proposed to be consolidated, or in any intervening roadway, stream or strip of land as aforesaid, the court shall not entertain the application for consolidation unless the other person or persons shall join with the owner in the application, signing and acknowledging the same in the same manner as provided for original applications, or unless the person or persons if not joining in the application shall have been given notice thereof and an opportunity to be heard as shall be ordered by the court.
"Any owner proposing to combine two or more parcels of land, or to subdivide any registered land, shall file with the court an application therefor, together with a map or plan showing the proposed combination or subdivision and accurately delineating thereon all boundaries, streets, passage ways and other easements connected therewith. The court, before approving the same, and authorizing the issuance of any new certificate or certificates thereon, shall cause the same to be verified by the territorial surveyor and be satisfied that the same are accurately represented."
[2] R.L.H. 1935, § 3021, par. 2.
[3] Id. § 2358.
[4] R.L.H. 1935, § 3021, par. 14.
[5] Sess. Laws 1939, Act 242 § 13.
[6] Organic Act § 49.
[7] Seiffert v. Jones, 77 Okla. 204, 186 P. 472,187 P. 223.
[8] Lautenschlager v. Wolgamott, 80 Ind. App. 198, 137 N.E. 781; State ex rel. Otto v. Kansas City, 10 Mo. 542,276 S.W. 389.