Williamson *et al. v.* Brandenberg.

Filed January 20, 1893.

———— ◆ ————

No. 307.

WILLIAMSON ET AL. *v.* BRANDENBERG.

JURISDICTION.—*Appellate Court.—Money Demand.—Cross-Complaint.*—In determining the jurisdiction of the Appellate Court, the sufficiency of the pleadings can not be considered, and where the money demand, including the amount set up in the counterclaim, exceeds one thousand dollars, the jurisdiction is in the Supreme Court alone.

From the Delaware Circuit Court.

*D. F. Taylor, R. H. Hartford, R. S. Gregory* and *A. C. Silverburg,* for appellants.

*F. P. Foster, J. F. Duckwall* and *J. N. Templer,* for appellee.

NEW, J.—The appellee brought this suit in the Jay Circuit Court, and the venue was changed to the Delaware Circuit Court.

The complaint was in two paragraphs; the first upon a note executed by the appellants to the appellee on the 6th of February, 1888, payable March 1, 1889, for $150, with six per cent. interest from date, without relief and with

attorney's fees. The substance of the second paragraph is, that the .appellee, on the — day of February, 1888, sold to the appellants a stallion for $310, and received thereon $35 in cash, one roan horse taken at $125, leaving a balance unpaid of $150, which the appellants promised to pay with interest at six per cent., and that the same is due and unpaid.

The appellants answered in eight paragraphs, one of which was a general denial. To the other paragraphs of the answer replies were filed. The appellants also filed a counterclaim alleging willful misrepresentation and fraud on the part of the appellee in the sale of the stallion, and asking damages therefor. Issues were joined upon the counterclaim.

The cause was tried by a jury and a verdict returned for the appellee on his complaint for $160.72, and against the appellants on their counterclaim. A motion by the appellants for a new trial was overruled and judgment rendered on the verdict.

The appellants have assigned as error the rulings of the court upon demurrers to the complaint, to certain paragraphs of reply to the answer to the complaint, and to certain paragraphs of answer to the counterclaim.

The appellee is satisfied with the judgment obtained by him in the court below, and, therefore, this court would have jurisdiction, were it not for the damages set up and demanded in the counterclaim.

The amount for which a recovery is sought in the counterclaim, as shown by adding together the several specific sums named therein, is $1,300. Add to this $160.72, the amount of the appellee's judgment, and it gives $1,460.72 as the total sum in dispute.

In all cases for the recovery of money only, where the amount in controversy exceeds one thousand dollars, the jurisdiction upon appeal is in the Supreme Court alone.

In determining the amount in controversy, we can not

Williamson *et al. v.* Brandenberg.

look to the sufficiency of the pleadings. *Wysor* v. *Johnson*, 1 Ind. App. 419; *Lake Shore, etc., R. W. Co.* v. *Van Auken*, 1 Ind. App. 492.

The cause is transferred to the Supreme Court.

Filed April 29, 1892.