No. 997.

THE AMERICAN WIRE NAIL COMPANY v. CONNELLY.

DEMURRER.—*Uncertainty as a Ground.*—Uncertainty is not ground for demurrer, unless the pleading is so vague as not to state a cause of action or a defense.

PLEADING.—*Complaint.*—*Sufficiency of, How Determined.*—*Theory of.*— The theory and sufficiency of a complaint must be determined from the facts alleged, and not simply from the statements or admissions of the parties.

JUDGMENT.—*On Answers to Interrogatories.*—*Employer and Employe.*— *Co-Employe.*—*Personal Injury.*—In an action for personal injuries received by the negligence of a co-employe, the defendant was entitled to judgment on answers to interrogatories, which established the fact that such co-employe was competent to do the work in which he was engaged at the time of the injuries.

From the Madison Circuit Court.

*W. A. Kittinger* and *L. M. Schwinn,* for appellant.

*E. D. Reardon, E. B. Goodykoontz* and *G. M. Ballard,* for appellee.

Ross, J.—The appellee sued the appellant to recover damages for personal injuries received while in its employ, the same alleged to have been caused by appellant's negligence.

The appellant assigns three errors in this court for a reversal of the judgment rendered by the court below. The first and second errors call in question the ruling of the court in overruling appellant's demurrers to the first and second paragraphs of the complaint.

The material allegations of the first paragraph of the complaint are admitted to be as follows:

"That on the —— day of January, 1890, the appellant employed appellee to work for her in her nail mills in the city of Anderson, at an employment known as "scrapping," which consists of taking the refuse wire

away from the rolls and out of the mill; that on the 31st day of January, 1890, while appellee was engaged in said work of scrapping, the appellant's foreman, one Richard Harris, who had full charge of the workmen in that department of appellant's business, and authorized to employ and discharge the workmen in said department, ordered appellee to leave his occupation of scrapping and go to work at a much more dangerous occupation in said mill, known as "sticking in on the reels;" that appellee at first refused to accept said new occupation, for the reason that he was entirely inexperienced in said occupation and considered the same dangerous; that he had no means of knowing the danger, and that the actual danger was not apparent to him; that said foreman assured him that said occupation was not dangerous, and would not harm him, and that he, in reliance upon the statement of said foreman, left his former occupation of scrapping and went to work at sticking in on the reels; that a part of his duty in said occupation of sticking in on the reels was to remove the kinks in the wire rods which lay upon the floor after passing through the rolls and before being wound upon the reel; that said rods were heated to a great heat, and were very difficult and dangerous to handle; that it was necessary and customary to stop the reels while appellee should remove the kinks in the wire, and after he had removed the kinks in the wire and returned to a place of safety the reels were again started by the man whose duty it was to start them; that on the 31st day of January, 1890, the reeler, who was operating the reel on which the appellee was working, was one Walter Ramsey, an employe of said appellant; that it was part of the duties of said reeler to stop said reel while appellee was taking out and removing the kinks from said wire rods aforesaid, and to start the reels when appellee had retired to a place of safety; that, on

said day, one of the rods which was being run on the reel became kinked, and the reeler stopped the reel for the appellee to go and remove the kink; that he started to do so, and was just in the act of removing the kink when the said Ramsey negligently and carelessly started the reel again, well knowing the danger in which the appellee was placed, and without giving him any opportunity to retire to a place of safety, by reason of which negligent and careless starting of the reel by said Walter Ramsey, appellee was greatly injured, by having his foot and leg caught by the heated rod, which circled around appellee's foot and leg, burning the flesh and bone of appellee's foot and leg, and dragging him by said heated iron rod into said reel; that the reeler, Ramsey, who was operating the reel for the appellant at the time, was incompetent and wholly unfit for the position that he occupied, and for which appellant had employed him, all of which was known to the appellant and unknown to the appellee, and that the appellant retained said Walter Ramsey as her servant and employe after having knowlege of his incompetency and unskillfulness a sufficient length of time to have discharged him; that by reason of said negligence and carelessness the appellee was injured as aforesaid, and without any fault on his part.''

This paragraph is assailed upon the ground that its averments are ''too vague and uncertain,'' and because ''the act complained of, being a simple act of carelessness,'' does not necessarily show the servant complained of to be incompetent.

That the allegations of a complaint are vague, indefinite, and uncertain, is not cause for demurrer. If the appellant desired a more definite and explicit statement of the facts alleged to constitute the negligent acts complained of, the remedy was by a motion to make the complaint

more specific. *Sluyter* v. *Union Cent. Life Ins. Co.*, 3
Ind. App. 312; *Cleveland, etc., R. W. Co.* v. *Wynant*,
100 Ind. 160; *Cincinnati, etc., R. W. Co.* v. *Gaines*, 104
Ind. 526; *Town of Rushville* v. *Adams*, 107 Ind. 475;
*Louisville, etc., R. W. Co.* v. *Jones*, 108 Ind. 551; *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 110 Ind. 225; *Mississinewa Mining Co.* v. *Patton*, 129 Ind. 472; *Sheeks* v. *Erwin*, 130 Ind. 31; *Garard* v. *Garard*, 135 Ind. 15, 34
N. E. Rep. 442; *Evansville, etc., R. R. Co.* v. *Maddux, by Next Friend*, 134 Ind. 571, 34 N. E. Rep. 511.

In *Adamson* v. *Shaner*, 3 Ind. App. 448, this court
says: "Uncertainty is not generally a cause for demurrer, unless the pleading is so vague as not to state a cause
of action or ground of defense, in which case only a demurrer will lie."

The second paragraph of the complaint, in addition to
the facts alleged in the first paragraph, contains the following additional allegations, viz: That the appellee was
injured by reason of the appellant's failing to inform and
notify the appellee of the dangerous character of the
work, and the means to avoid said danger.

It is urged, against both paragraphs of the complaint,
that notwithstanding the allegations that appellee had no
"knowledge of the actual danger of said occupation," and
that such dangers were not apparent to appellee, and that
the facts specially pleaded which are alleged to constitute
the dangers to which he would be exposed, show that the
danger was apparent to any person who would exercise
the sense of sight; that the appellee was conversant with
the dangers incident to the work, from the allegation
"that when first ordered by the said foreman to go to
work at said occupation of sticking in on the reels, plaintiff refused to do so, for the reason that he was entirely

inexperienced in the duties of said occupation, and con-
sidered the said occupation as dangerous.''

It is also alleged, in the complaint, that the appellee
was induced to undertake the performance of the new
duties upon the representation made by appellant that
the work was not dangerous.

When a servant undertakes to engage in a master's
service, and to perform certain duties, the master has a
right to assume that he is qualified to perform the duties
of the position he seeks to occupy, and competent to ap-
prehend and avoid all the apparent and obvious hazards,
of such service.  *Louisville, etc., R. W. Co.* v. *Frawley*,
110 Ind. 18.

But if an experienced servant, such want of knowledge
being known to the master, is induced to engage in the
performance of certain duties, the dangers of which are
not apparent, upon the assurance that no danger attends
the performance of such duties, and the servant is in-
jured without fault on his part, the master must answer
in damages therefor.

It is averred, in both paragraphs of the complaint, that
a part of his duties in ''sticking in on the reels'' ''was to
remove the kinks from the wire rods which came from
the rolls and lay upon the floor preparatory to being
wound upon the reels.''   ''That said wire rods were
heated to a great heat and very difficult and dangerous
to handle.''

So far as we are able to determine from the allegations
of the complaint, the appellee was a person of mature
years and possessed of the faculties and understanding
of ordinary persons;  hence, was able to see apparent
dangers and to anticipate and realize the results liable to
flow therefrom.

The jury rested their verdict upon the first paragraph
of the complaint, hence it is necessary only to consider

the sufficiency of that paragraph. While counsel for appellee insists that the complaint is drafted upon the theory that the appellant removed the appellee from the work he was engaged to perform, and set him to work at a more dangerous and hazardous occupation, we can not accept that as its theory. This court can not determine the theory and sufficiency of a complaint simply from the statements or admissions of the parties, but from the facts alleged. The theory of the first paragraph of the complaint is that the appellee was injured by reason of the careless and negligent acts of his fellow-servant, Walter Ramsey, in starting the reel, causing the heated rod to encircle appellee's foot and leg, burning the flesh and bone thereof, and dragging him into the reel, it being alleged that said Ramsey was incompetent and wholly unfit for the position he occupied, which fact was known to the appellant and unknown to the appellee. Upon this theory the complaint is sufficient, so far as any defects therein have been pointed out.

The jury, at the request of the appellant, answered and returned with their general verdict numerous interrogatories, among which were the following:

"4th. Was not Walter Ramsey, the reeler testified about, a fellow-employe with the plaintiff at the time the plaintiff was injured? Ans. Yes.

"5th. Was the injuries to the plaintiff caused by the negligence or carelessness of Walter Ramsey, the reeler? Ans. Yes.

"6th. If you answer the last preceding question in the affirmative, then state whether the said Walter Ramsey was competent to do the work in the position in which he was working at the time of the injuries. Ans. He was competent."

These interrogatories and answers show that the ap-

pellant was not entitled to recover on the theory of this paragraph of the complaint.

The court erred in overruling appellant's motion for judgment on the answers to the interrogatories.

Judgment reversed, with instructions to render judgment in favor of appellant on the answers to the interrogatories, notwithstanding the general verdict.

REINHARD, J., absent.

Filed Dec. 15, 1893.