## LAUTENSCHLAGER *v.* WALGAMOTT ET AL.

[No. 11,375. Filed January 25, 1923. Rehearing denied April 17, 1923. Transfer denied June 19, 1923.]

1. PLEADING.—*Complaint.—Construction.— Theory.— Sufficiency.* —The court on appeal must determine the theory and sufficiency of a complaint from the facts alleged, and not from the statements or admissions of the parties. p. 202.

2. PLEADING.— *Complaint.— Construction.— Theory.— Presumption.—Absence of Statutory Remedy.*—In a wife's action for damages for alleged illegal sale of liquors to her husband, where there was no common-law right of recovery, the court on appeal will not presume that plaintiff intended a common-law action which could not be maintained, when plaintiff had, under §32 of the Prohibition Law (§8356a *et seq.* Burns' Supp. 1921, Acts 1917 p. 15), a remedy in harmony with the apparent theory of her complaint. p. 202.

3. PLEADING.—*Complaint.—Construction.*—A complaint will be given such construction as to give full force and effect to all its material allegations, and such as will afford the pleader full relief for all injuries stated in his pleading. p. 202.

4. PLEADINGS.—*Liberal Construction.—Aiding Verdict.*—Pleadings will be liberally construed for the purpose of sustaining the verdict. p. 202.

5. STATUTES.—*Different Provisions Becoming Effective at Different Times.—Validity.*—Section 32 of the Prohibition Act (Acts 1917 p. 30, §8356a *et seq.* Burns' Supp. 1921) went into force at the time of the Governor's proclamation, May 31, 1917, notwithstanding the provision of §4 that that section did not go into force until April 2, 1918. p. 203.

6. INTOXICATING LIQUORS.—*Illegal Sales.—Action for Damages. —Complaint.—Sufficiency.—Statutes.*—In a wife's action for damages for illegal sale of liquor to her husband, complaint *held* sufficient to state a cause of action under §32 of the Prohibition Act (Acts 1917 p. 30, §8356a *et seq.* Burns' Supp. 1921). p. 203.

From Owen Circuit Court; *James B. Wilson,* Special Judge.

Action by Rhoda Walgamott and others against Christian P. Lautenschlager. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Willis Hickam, Sr., Willis Hickam, Jr.,* and *Hubert Hickam,* for appellant.

*Homer Elliott* and *Joseph E. Henley,* for appellees.

NICHOLS, C. J.—Action by appellees against appellant for damages.

It is averred in the complaint, in substance, that prior to January 28, 1918, Nick Walgamott, now deceased, lived with appellees, his wife and children, and supported and maintained them, and they were each and all wholly dependent upon him for their support and maintenance; that on said day and for many years prior thereto, appellant was and had been conducting a retail drug store in the town of Patricksburg, Owen county, Indiana, and on said day and prior thereto, was engaged in selling intoxicating liquors at retail; that for a number of years prior to said date said Walgamott had been addicted to the use of alcoholic liquors, and when under the influence of such liquors was quarrelsome, abusive and dangerous to all persons with whom he came in contact, and that when once started to drink-

ing, his appetite became uncontrollable, and it was not safe at such times to furnish him with or permit him to have liquor in his possession for any purpose. Appellant on said day and for a long time prior thereto, had full knowledge of said Walgamott's intemperate habits, and that he had an uncontrollable appetite for whisky, and that said Walgamott was quarrelsome, abusive and dangerous when under the influence of such liquor; that for some days prior to the said January 28, 1918, said Walgamott had been drinking, and had been making frequent trips to appellant's drug store, and had been purchasing liquor from time to time, which liquor he drank as a beverage and from which he became drunken and intoxicated and remained so until and including the said January 28, 1918; that while yet in a drunken condition, said Walgamott left his home and went to Patricksburg, and upon his arrival there went again to appellant's drug store, and while in an intoxicated condition solicited him to sell him whisky; that appellant at the time of the request knew, or should have known, that said Walgamott was intoxicated and an unsafe person to be intrusted with intoxicating liquor; and that if further liquor was furnished to him he would drink the same and become further intoxicated, and would, as a result thereof, become quarrelsome and dangerous; but notwithstanding these facts, appellant did then and there unlawfully sell and furnish to the said Walgamott two quarts of whisky; that said Walgamott proceeded forthwith to drink said whisky, whereby he became so extremely drunken and intoxicated as to become irritable, quarrelsome, crazed and frenzied, and while in such drunken, crazed and frenzied condition, caused and brought about solely by appellant's wrongful and unlawful conduct in selling and furnishing said liquor, said Walgamott did then and there commit a felonious assault upon the person

of one Beecher, by striking him in the head with a hatchet; that afterward, and on the same day, the said Walgamott was arrested and lodged in the Owen county jail, charged with having committed such felonious assault, where he remained for two weeks or more; that at the time of such arrest and imprisonment, the weather was extremely cold, and the ground was covered with a deep snow, and that appellee Rhoda Walgamott who was at the time in delicate health, was obliged to go to the fields and gather corn for more than a dozen head of cattle and horses, to procure fuel for the family fire, and in divers other ways expose herself to the winter weather, whereby she was injured in health and made to suffer great pain; that afterwards, at the March term, 1918, of the Owen Circuit Court, said Walgamott was found guilty of the felonious assault aforesaid and was sentenced to the Indiana State Prison, where he remained about four and one-half months, or until he was paroled on account of failing health; that by reason of such felonious assault and the subsequent conviction and imprisonment therefor, all of which was caused solely and proximately by the said wrongful conduct of appellant, appellees were deprived of the comfort, society, support and maintenance of the said Walgamott from said January 28, 1918, until October 11, 1918; that prior to said January 28, 1918, said Walgamott was in good health, was forty-three years of age, was industrious, a good farmer, and when not under the influence of liquor, was kind and attentive to his family, and provided them with ample support. Damages in the sum of $10,000 are demanded.

Appellant's demurrer to this complaint was overruled. After answer, there was a trial by jury which resulted in a verdict for $250, in favor of appellees, from which, after appellant's motion for a new trial was overruled, this appeal, which involves the sufficiency of the com-

plaint to withstand demurrer, the sufficiency of the evidence to sustain the judgment, and the correctness of certain instructions.

Appellant says that at the time of the sale in question there was no statute in force in Indiana under which appellant could be held liable to appellees in this action, that appellant was a retail druggist, and as such gave no bond for the payment of any damages which might grow out of any sales of whisky which he made, and that the question of his liability must then be determined solely upon common-law principles. We are not in harmony with this contention. Section 32 of the act of 1917, prohibiting the manufacture, sale, etc., of intoxicating liquors, Acts 1917 p. 15, §8356a et seq. Burns' Supp. 1921, provides that: "Any wife, child, parent, guardian, employer or other person who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication of any person, shall have a right of action against any person, association or corporation that illegally furnished the intoxicating liquor that caused the intoxication of such person for all damages sustained."

Appellant earnestly contends that the case was tried in the trial court on the theory that it was a common-law action, but we find nothing in the record 1-4. from which we must come to this conclusion.

From an examination of the complaint we may well conclude that the pleader had the section of the act quoted above before him as he formulated the pleading. This court cannot determine the theory and sufficiency of the complaint from the statements or admission of the parties, but from the facts alleged. American Wire Nail Co. v. Connelly (1893), 8 Ind. App. 398, 403, 35 N. E. 721. If, as appellant contends, there is no common-law right of recovery in appellees, this court will not presume that they intended a common-law ac-

tion which could not be maintained, when there was at the time a plain and simple statutory remedy in harmony with the apparent theory of the complaint. The complaint will be given such construction as to give full force and effect to all its material allegations, and such as will afford the pleader full relief for all injuries stated in his pleading. *Monnett* v. *Turpie* (1892), 132 Ind. 482, 32 N. E. 328; *Flowers* v. *Poorman* (1909), 43 Ind. App. 528, 87 N. E. 1107. Pleadings will be liberally construed for the purpose of sustaining the verdict (*Clegg* v. *Waterbury* [1882], 88 Ind. 21; *Ades* v. *Levi* [1894], 137 Ind. 506, 37 N. E. 388; *Alcorn* v. *Bass* [1897], 17 Ind. App. 500, 46 N. E. 1024) and where substantial justice will be promoted thereby. *Dickensheets* v. *Kaufman* (1867), 28 Ind. 251.

Appellant next contends that the section quoted was not in force at the time of the sale involved, but this contention cannot be sustained. The act of which this section is a part was approved February 9, 1917. There being no emergency clause, the act was in force by the Governor's proclamation, May 31, 1917. The fact that §4 of the act (Acts 1917 p. 15, *supra*) was not in force until April 2, 1918, does not defer the operation of §32, *supra,* until that date. Had the legislature intended that the operation of other sections or of the whole act should be deferred it would have so provided. There is no legal objection to different provisions of the same statute taking effect at different times at the will of the legislature passing it. *Plummer* v. *Jones* (1891), 84 Me. 58, 24 Atl. 585; *Santo* v. *State* (1855), 2 Iowa 165, 63 Am. Dec. 487, 509. We hold that the complaint states a cause of action under §32, *supra.*

Appellant has discussed under the same heading the sufficiency of the amended complaint on demurrer and the sufficiency of the evidence to sustain the verdict

upon the theory that there was no statute under which appellees could recover, and that there was no right of recovery under the common law. Having reached the conclusion that appellees have their remedy under §32, *supra,* we hold that the complaint is sufficient to withstand demurrer and that the evidence is sufficient to sustain the verdict. We have examined the instructions, both those given and those tendered and refused, and find no reversible error in the court's ruling with reference thereto.

Judgment affirmed.