## Schwomeyer *v*. State of Indiana.

[No. 24,208. Filed April 6, 1923.]

1. CRIMINAL LAW.—*Judicial Knowledge.—Days and Dates.*— The court judicially knows that May 31, 1921, was on Tuesday, and that the third Sunday in May of that year was on the fifteenth, and that the last Sunday in May was on the twenty-ninth. p. 102.

2. CRIMINAL LAW.—*Instructions.—Authorizing Conviction for Acts Committed Prior to Enactment of Penal Statute.*—In a prosecution for illegal possession of a still, an instruction authorizing conviction for possession of a still before the taking effect of the act (Acts 1921 p. 736, §8356d Burns' Supp.

1921) making such possession an offense, was erroneous, as one cannot be lawfully convicted and punished under a criminal statute for doing an act which was not unlawful at the time it was done, under Art. 1, §24, of the Constitution.   p. 102.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Prosecution by the State of Indiana against Fred Schwomeyer.   From judgment of conviction, the defendant appeals.   *Reversed.*

*Alvah J. Rucker,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, J.—Appellant was prosecuted on an affidavit of two counts. The first count charged that he unlawfully manufactured intoxicating liquor, to wit, whisky, and the second that he unlawfully possessed a still and device and property for the manufacture of intoxicating liquor and intended for use in violation of the laws of the State of Indiana. Each count alleged that the offense was committed on October 11, 1921. The trial took place in February, 1922.

There was evidence of circumstances relied on by the state as supporting an inference of appellant's guilt, including the facts that on October 11, 1921, the sheriff and his deputies, with a search warrant, found, near an old house which had been rented to appellant by his brother-in-law for the storage of wheat, some articles which were afterward put together in a way that the officers said indicated they had been used as parts of a still. A seventeen year old boy, a grand-nephew of the brother-in-law and of appellant's wife, gave the only direct evidence connecting appellant with the possession of a still or the use of one; all the other evidence against him being circumstantial. The boy testified that in May, 1921, when he and his mother lived in a house

near where the articles were found, on the farm of John Fidler, the brother-in-law, he followed appellant and Fidler into the woods on the farm of Robert Mannan, adjoining the one owned by Fidler, and there found them with a big candy bucket, a steel oil tank, such as they have oil in at garages, a coil, and a piece of rubber hose, which were capable of being, and were then put together in the form of a still, and saw them cooking something in the steel tank, but what it was the boy did not know; that this was on Sunday, about three o'clock, and he thought it was about the third Sunday in May; but on direct examination and again on cross-examination he stated that it was "along in May," and did not suggest that it could have been in any other month. No intoxicating liquor was found on the premises or traced into appellant's possession.

No instructions are shown to have been asked by appellant, but the court, of its own motion, gave instructions as follows: "11. If you find defendant guilty of making whisky or of having a still as charged, then it is immaterial whether such offense was committed on the particular date charged in the affidavit or not, if it was in fact committed within two years prior to the date the affidavit was filed; and it is not material whether he made such whisky or had said still, if he was guilty of either, upon land owned by John Fidler or upon the land of Robert Mannan, or at both places at different times, if both places were in Morgan county. 7. * * * If he (appellant) acted jointly with Fidler, or if he assisted Fidler in committing either offense charged, defendant would himself be guilty. * * * " And several other instructions were also given which could be understood as authorizing conviction of appellant on the charge of having possession of a still, if they believed the "direct evidence" to that effect.

The jury returned a general verdict finding the appellant guilty and fixing his punishment at the maximum penalty allowed by law (§8356d Burns' Supp. 1921, Acts 1921 p. 736, §1), without indicating on which count of the affidavit it is based. But there was no law in force in Indiana which made the possession of a still or device for the manufacture of intoxicating liquor intended for unlawful uses a criminal offense, until Acts 1921 p. 736, *supra*, took effect. That act does not declare an emergency nor fix a time when it shall take effect as a law. Therefore, it took effect at five o'clock p. m., on May 31, 1921, when the distribution of the statutes was completed and the Governor issued his proclamation. Burns' Supp. 1921 p. 45; Art. 4, §28 Constitution; §239 Burns 1914, §239 R. S. 1881.

The court judicially knows that date to be on Tuesday, and that the third Sunday in May of that year was on the fifteenth and that the last Sunday in May

1. was on the twenty-ninth. *Roberts* v. *Farmers', etc., Bank* (1894), 136 Ind. 154, 160, 36 N. E. 128; *Williamson* v. *Brandenberg* (1892), 6 Ind. App. 97, 99, 31 N. E. 369; *Western Union Telegraph Co.* v. *Eskridge* (1893), 7 Ind. App. 208, 212, 33 N. E. 238; *Stellhorn* v. *Board, etc.* (1915), 60 Ind. App. 14, 18, 110 N. E. 90; note, 8 A. L. R. 63, 64; Ewbank, Indiana Criminal Law §260.

Therefore, the instructions told the jury, in effect, that, if the evidence showed appellant and Fidler to have had possession of a still down in Mannan's

2. woods before the law took effect by which such possession was made a criminal offense, the appellant might be found guilty, even though the jury should not find that the evidence proved him to have had possession of a still at any other time, or to have manufactured any intoxicating liquor at any time. This was error. Nobody can be lawfully convicted and

punished under a criminal statute for doing an act which was not unlawful at the time it was done.   Art. 1, §24 Constitution; *Dinckerlocker* v. *Marsh* (1881), 75 Ind. 548, 551.

Counsel for appellant complain of some other rulings. But some of the questions discussed in the brief were not properly saved and the others probably will not arise on a retrial of the cause.   Therefore we have not considered and do not decide them.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.