## JONES v. DREWRY'S, LIMITED, U. S. A., Inc.

### No. 8602.

Circuit Court of Appeals, Seventh Circuit.
May 15, 1945.

Lenn J. Oare, of South Bend, Ind. (Seebirt, Oare & Deahl, of South Bend, Ind., of counsel), for appellant.

M. Edward Doran, of South Bend, Ind., and Ben Schwartz, of Cleveland, Ohio (Rocker & Schwartz, of Cleveland, Ohio and Doran & Manion, of South Bend, Ind., of counsel), for appellee.

Before SPARKS and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The plaintiff sued the defendant under a statute of Indiana [1] for the wrongful death of his son. The jurisdiction was based upon diversity of citizenship, and in the complaint it was alleged that the matter in controversy was in excess of $3,000, and judgment was prayed for in the sum of $10,000. Trial was had by jury and the jury returned a verdict for the plaintiff in the sum of $2,500. The defendant made a motion to dismiss for want of jurisdiction, alleging that the matter in controversy as shown by the evidence did not exceed $3,000, the jurisdictional amount. The motion was overruled. The only error urged here is the ruling upon that motion.

Before the motion could be granted, the court must be convinced on the record to a legal certainty that the claim is for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L. Ed. 845. Recovery of an amount less than the jurisdictional amount does not show bad faith in the plaintiff or oust the jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., supra. The measure of damages in Indiana in a case of this kind is "the value of the child's services from the time of the death until he would have attained his majority, taken in connection with his prospects in life less the cost of his support and maintenance during that period, including such board, clothing, schooling and medical attention." Thompson v. Town of Fort Branch, 204 Ind. 152, 164, 178 N.E. 440, 444, 82 A.L.R. 1413. In considering the pecuniary value of such services, the jury may properly take into consideration the condition in life of the family and the pecuniary value of acts of kindness rendered by the child. The Louisville, New Albany and Chicago Railroad Co. v. Rush, 127 Ind. 545, 26 N.E. 1010.

The boy was killed on December 27, 1940. Had he lived until the ninth day of the following September, he would have been twenty-one years of age. At the time of his death he resided with his parents in the town of Granville, Ohio, where he attended Dennison University. He was in his third year in college, and was an intelligent, industrious, sober boy. His father ran a dry-cleaning establishment and in his spare time, the boy drove a truck for his father and, by soliciting on the campus of Dennison University, contributed to and increased the business of his father. His mother had students lodging in their home, and he helped her about the home in her housekeeping work by washing dishes, cleaning wall paper, making beds, running the sweeper. He was kind and helpful to his mother, and bought presents for her.

He had a job at the Granville Inn where he worked in the afternoon from 2 to 4 o'clock and occasionally from 7 o'clock in the evening until the hotel closed. He was employed there in the capacity of clerk and bell hop. His regular pay was 35 or 40 cents an hour, but when he was acting as bell hop, he sometimes received as high as fifteen and twenty dollars in tips in one day in addition to his salary. It was a hotel frequented by wealthy people. He had also caddied at the country club. He frequently ate his meals away from home, and applied the money he earned towards his maintenance and education. His parents intended that he should remain in school. The father's expenses incurred in the care of his son after the accident, the funeral and his burial, amounted to more than $800.

In the light of these facts, the jury had to consider what pecuniary loss the father had suffered in the death of his son. "Such damages are incapable of determination by any mathematical or exact rule, and the amount must be fixed by estimate which bears some semblance to conjecture. From the very nature of the circumstances, there can be no exact or uniform rule of determination of the value of services which the deceased person would have rendered, had death not intervened. 'A verdict will not be disturbed on appeal on the ground of excessive damages unless it is so excessive as to indicate that the jury acted from prejudice, [passion], partiality, or corruption.'" Clevenger v. Kern, 100 Ind.App. 581, 584, 197 N.E. 731, 733.

---

[1] Burns Indiana Annotated Statute 1933, Section 2-217.

252

On this record, and in view of the law of Indiana as to the measure of damages, we do not think it appears to a legal certainty that a jury under the evidence in this record could not have found that the plaintiff had suffered a pecuniary loss of more than $3,000. The boy's prospects in life were excellent, and the jury was not bound to believe that, had the boy lived to maturity, he had an earning capacity during that time confined to 35 or 40 cents an hour.

The trial court did not err in overruling the defendant's motion to dismiss for lack of jurisdiction, and the judgment of the District Court is affirmed.