CREIGHTON *v.* SCHAFER

[No. 17,553.  Filed April 14, 1947.  Rehearing Denied May 23, 1947.  Transfer Denied June 24, 1947.]

*George E. Hirshman,* of Crown Point, and *Victor K. Roberts,* of Lowell, for appellant.

*Frank B. Pattu* and *Wendell C. Hamacher,* both of Crown Point, for appellee.

HAMILTON, P. J.—On July 25, 1934, one William L. O'Connell, as receiver of the Farmers State Bank of Beecher, Illinois, received a sheriff's deed from the sheriff of Lake County, Indiana, for the following described real estate situated in Lake County, Indiana: the Southwest Quarter of the Northwest Quarter of Section 3, Township 33 North, Range 9 West of the 2nd P. M., containing 40 acres. Thereafter the taxes assessed upon said real estate in the name of such receiver became delinquent and remained unpaid for the year 1935 and such real estate was advertised for sale by the auditor of Lake County, Indiana, at the delinquent tax sale held on April 11, 1938, and on said sale said real estate was sold by the treasurer of Lake County, Indiana, for such delinquent taxes.

Said real estate was not redeemed, and on August 6, 1940, the purchaser received a tax deed for said real estate. Thereafter, on February 5, 1942, the grantee

in such tax deed duly conveyed all rights, title and interest so acquired by virtue of said tax deed to the plaintiff, appellant herein. On February 5, 1942, appellant commenced an action in the Lake Circuit Court to quiet title to said real estate and among other defendants therein named William L. O'Connell, receiver of the Farmers State Bank of Beecher, Illinois; Charles H. Albers, successor trustee, designated as such in a document appearing of record in Miscellaneous Record 285, page 553, in the recorder's office of Lake County, Indiana; and any and all other persons interested in the real estate described in plaintiff's complaint, all of whose names are to the plaintiff unknown. Appellant made all persons, firms, corporations, or individuals shown by the records of Lake County, Indiana, to have or claim any right, title or interest in said real estate defendants in such action. All persons named as defendants were duly and legally notified of the pendency of such action by publication which was the only service of process attempted to be given to said defendants.

Thereafter, on June 26, 1942, judgment was rendered by default of all defendants in favor of appellant, quieting his title to said real estate.

On April 4, 1944, the appellee, Adam Schafer, filed his verified application, or petition, to have said judgment opened and set aside as to said real estate; that he be made a party defendant and be permitted to defend said action insofar as the above described real estate was concerned.

Thereafter, on appellee's said petition, the court opened said judgment and upon final hearing adjudged and decreed the tax deed of August 6, 1940, illegal and insufficient to convey title, found and adjudged the amount of appellant's tax lien, and fixed the time for

appellee to redeem from the tax sale and lien. From such judgment appellant prosecutes this appeal.

Appellee insists that appellant's brief is insufficient under the rules of the Supreme Court to present any question for our consideration; however, an examination of said brief discloses that it is sufficient to enable us to clearly understand each of the errors asserted by appellant.

Appellant's first assignment of error that the court erred in overruling appellant's demurrer to appellee's amended petition, or application, to open the default judgment may be passed as the court made special findings of fact and stated conclusions of law thereon, to each of which conclusions appellant excepted and assigned error. Where the exceptions to the conclusions of law present the same questions as the demurrer to the complaint, or petition, as in this case, the determination of one question determines the other. *Warrick* v. *Spry* (1912), 49 Ind. App. 327, 330, 97 N. E. 361; *Timmonds* v. *Taylor* (1911), 48 Ind. App. 531, 96 N. E. 331.

Appellant next asserts error in the opening up and setting aside the default judgment rendered in his favor on June 26, 1942, quieting his title to the real estate involved herein.

It is appellant's contention that under ch. 72, Acts of 1941, being § 2-1068, Burns' 1946 Replacement, when a default judgment quieting title to real estate is entered, that judgment becomes final and irrevocable after a lapse of one year whether service of process was personal or by publication and notwithstanding the fact that the petitioner seeking to set aside said judgment was not named personally as a party defendant and had no actual knowledge of the pendency of the action until after the judgment had been entered.

Appellant asserts that the special findings of fact show that appellee received a deed for the real estate involved from the Farmers State Bank, Beecher, Illinois, after filing of the petition, or application, to set aside the default judgment. The application to set aside the default judgment was filed on April 4, 1944, more than one year after judgment quieting title was rendered and therefore, appellant insists, the court had no jurisdiction of the subject matter involved and erred in opening up and setting aside such judgment.

Chapter 72, Acts of 1941, § 2-1068, *supra,* took effect March 1, 1941. The tax deed was executed on August 6, 1940, the action to quiet title was filed February 15, 1942, and the default judgment rendered June 26, 1942.

Appellee's petition to open the judgment was filed on April 4, 1944.

Section 2-1068, *supra,* is § 135 of the Civil Code of 1881, as amended, and the pertinent part reads as follows:

"The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, on complaint filed and notice issued, as in original actions within two (2) years from and after the date of the judgment, except where judgment on default has been rendered in a suit to quiet title to real estate in which case the complaint for relief from judgment on default shall be filed within one (1) year from and after the date of judgment quieting title, and if the complaint is not filed within the period of time herein prescribed, then the action shall forever be barred: Provided, That the provisions of this act pertaining to relief from judgment taken on default in a suit to quiet title to real estate shall apply to any judgment taken on default which is of record at the time of the passing of this act, and which judgment was obtained in a suit to quiet title to real estate, and shall apply to any and all persons whether service of process be by summons or by publication."

Appellee insists that his petition to open up and set aside the default judgment of June 26, 1942, was not filed under the provisions of § 2-1068, *supra,* but was filed and said court judgment opened up and set aside under the provisions of § 2-2601, Burns' 1946 Replacement, which is § 64 of the Civil Code of 1881, as amended. This section reads as follows:

"Parties against whom a judgment has been rendered without other notice than the publication in a newpaper as herein required, except in cases of divorce, may, at any time within five (5) years after the rendition of the judgment, have the same opened, and be allowed to defend."

From a reading of appellee's petition to open up the default judgment, we are convinced that the writer thereof intended to proceed under the authority granted by § 2-2601 instead of § 2-1068, *supra.*

Under our decisions the provisions of § 2-2601, *supra,* are mandatory, and, when a party brings himself within the terms of the statute, the court has no discretion in the matter of granting the relief prayed. *Gary Hobart, etc., Co.* v. *Earle* (1922), 78 Ind. App. 412, 135 N. E. 798; *Taylor* v. *Phelan* ante, p. 40, 69 N. E. (2d) 145, 147.

We have held that said statute applied to a case like the present action. *Taylor* v. *Phelan, supra.*

In the case of *Taylor* v. *Phelan, supra,* we held further that §§ 2-1068 and 2-2601 were each in full force and effect; that § 2-2601 applied only to cases where the defendants have been served with process by publication and the next succeeding section, § 2-2602, with defendants who are without actual notice of the pendency of the action before the default judgment is rendered; that § 2-1068 has to do with parties, plaintiff

or defendant, against whom a judgment has been taken through their mistake, inadvertence, surprise, or excusable neglect however they entered or were brought into the case. Therefore, we hold that appellee's petition was properly instituted and prosecuted to judgment under the provisions of § 2-2601 and § 2-2602, and that § 2-1068 is not applicable in the instant case.

Appellant asserts that his tax title and tax deed, executed August 6, 1940, were and are impregnable by reason of § 64-2212, Burns' 1943 Replacement, which provides:

> "No action to contest the validity of any title acquired *as a result of any sale of any real estate under this act* shall be brought after the expiration of one (1) year from the date of the execution of the deed." (Our italics.)

This is the same contention asserted by the appellant in the case of *Taylor* v. *Phelan, supra,* wherein we expressly held that said statute did not apply to any tax sale or title acquired by virtue of a tax sale held prior to the effective date of said statute, to wit: March 12, 1941.

The tax sale in the instant case was held on April 11, 1938, and the tax deed issued pursuant to such tax sale was executed on August 6, 1940. Therefore, under the authority of *Taylor* v. *Phelan, supra,* which we reaffirm, we hold that appellee's right to contest the validity of appellant's tax deed was not barred by § 64-2212, *supra.*

Appellant asserts further that the court erred in failing and refusing to give full force and effect to the following language contained in § 64-2203, as amended in 1943, Burns' 1943 Replacement, which reads:

> "The deed or conveyance of the land sold shall be conclusive evidence that the sale was regular and according to the requirements of law, and shall

convey to the purchaser a clear and indefeasible title to the real estate sold."

Appellant contends that in the case of *First Bank & Trust Co.* v. *Ralston* (1944), 222 Ind. 584, 55 N. E. (2d) 115, the Supreme Court held that said language applies to tax sales of property before its passage as well as to tax sales of property after the adoption of said act.

A careful reading of the opinion in the above case fails to convince us that appellant is correct in his construction of the language used in the opinion. In the Ralston case the real estate had been advertised for sale prior to the enactment of § 64-2203 in 1941, but the property had not been actually sold at the time said section became effective and the action was one to enjoin the sale of the real estate under said section.

On page 589 of 222 Ind. the court says: "The appellant suggests that the statute should not be construed to apply to cases *in which property has been advertised for sale prior to its passage.* There is no room for construction. The language of the statute is clear. The expressions: 'Whenever any real estate *has been or shall hereafter be advertised and offered for sale,'* and '. . . where taxes upon any real estate have at the time of the passage of this act been unpaid and delinquent for five or more years,' are too clear to permit of doubt as to the legislative intent." (Our italics.)

As we construe the court's language above quoted, it was not intended to hold, and did not hold, that the action applied to any case where real estate had been sold for delinquent taxes and the tax deed issued prior to the enactment of § 64-2203, *supra.*

Statutes are treated as intended to operate prospectively and not retrospectively unless a contrary inten-

tion is clearly expressed. *Chadwick, Treasurer v. City of Crawfordsville* (1940), 216 Ind. 399, 24 N. E. (2d) 937, 129 A. L. R. 469; *Taylor v. Phelan, supra.*

Therefore, we hold that § 64-2203 does not apply to the facts presented by the record in the instant case.

In the special findings of fact No. 17, the court found that the county auditor failed to comply with provisions of § 64-2201, Burns' 1943 Replacement, in preparing and certifying to the delinquent tax list to be used in the delinquent tax sale on April 11, 1938.

And in special finding of fact No. 25, the court found that said county auditor failed to comply with the provisions of § 64-2202, Burns' 1943 Replacement, in posting a copy of the delinquent tax list at the door of the court house prior to the tax sale held on April 11, 1938.

Statutes governing tax sales and each step leading up to them must be substantially complied with before an owner may be deprived of his property by such sale. *Zilky v. Carter* (1946), 116 Ind. App. 595, 66 N. E. (2d) 285; *Taylor v. Phelan, supra; Fowler v. Burmaster* (1942), 112 Ind. App. 43, 41 N. E. (2d) 629.

The foregoing special findings of fact are sufficient to sustain the court's conclusion of law No. 2 to the effect that each of the respective tax deeds under which plaintiff claims title are invalid as conveyances of the fee simple title to the real estate in controversy. *Dixon v. Thompson* (1913), 52 Ind. App. 560, 98 N. E. 738; *Taylor v. Phelan, supra.*

The court found that other irregularities existed in connection with the tax sale, but it is not necessary to discuss them in this opinion.

The remaining conclusions of law have to do with

appellee's right to contest the validity of the respective tax deeds under which appellant claimed title and the amount of his tax lien acquired under the tax deeds. These conclusions of law follow the provisions of §§ 64-2417 and 64-2418, Burns' 1943 Replacement and are correct.

Finding no reversible error, the judgment of the lower court is hereby affirmed.

NOTE.—Reported in 72 N. E. (2d) 364.