### MONROE v. CHASE et al.
### Civ. A. No. 1504.

District Court, E. D. Illinois.
Nov. 3, 1947.

Marion Hart of Benton, Ill., and Ralph Walker, of East St. Louis, Ill., for plaintiff.

Pope & Driemeyer, of East St. Louis, Ill. (Frank M. Rain and Henry Driemeyer, both of East St Louis, Ill., of counsel), for defendant.

WHAM, District Judge.

After the time the death occurred, on account of which judgment is sought in this case, and after the time that suit therefor was filed, the Illinois Injuries Act, Ill.Rev.Stat. Chap. 70, was amended by increasing the maximum damages that may be recovered from $10,000.00 to $15,000.00. In view of said amendment, plaintiff has presented a motion for leave to amend the demand for damages set forth in the complaint so as to increase the demand from $10,000.00 to $15,000.00.

Upon consideration of the motion, the briefs of counsel, and the legislation involved, it appears that the amendment in question amended the right given by the statute rather than the remedy or the procedure by which the statutory right might be ripened into judgment. The amendment increases the liability of one who is guilty under the statute. The amendment is one of substantive law and not one of adjective law. It affects the relief provided by the statute and not the mode of obtaining relief. To give the amendment effect in this case which involves a prior death would be contrary to the well established rule in Illinois that statutes are prospective and will not be considered to have retroactive operation unless the language employed in the enactment is so clear that it will admit of no other construction. Cleary v. Hoobler, 207 Ill. 97, 69 N.E. 967; Bauer Grocery Co. v. Zelle, 172 Ill. 407, 50 N.E. 238; In re Day, 181 Ill. 73, 54 N.E. 646, 50 L.R.A. 519; Miner v. Stafford, 326 Ill. 204, 157 N.E. 164; People v. C. & A. Ry. Co., 289 Ill. 282, 124 N.E. 658; People v. Deutsche Gemeinde, 249 Ill. 132, 94 N.E. 162. Whether or not, under the law of Illinois, the statutory right to relief in a death case may be said to be a vested right, no persuasive authority appears for the position that a statutory increase in the maximum liability may be retroactive or given a retrospective application in the absence of clear language that the lawmakers so intended.

In the legislation here under consideration, as amended, there is nothing to indicate that it was the purpose of the Legislature that it should be given retrospective effect. The motion for leave to amend the complaint by increasing the amount of the demand for damages is hereby denied.