## UNITED STATES v. MASHBURN.
### Civ. No. 418.

United States District Court
W. D. Arkansas, Hot Springs Division.
Sept. 29, 1949.

Thomas R. R. Ely, St. Louis, Missouri, for plaintiff.

C. Floyd Huff, Jr., Hot Springs, Arkansas, for defendant.

JOHN E. MILLER, District Judge.

In its complaint, filed July 2, 1949, plaintiff alleges that the defendant has engaged in acts constituting violations of Sections 204 and 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, §§ 1894, 1896, in that the housing accommodations involved were rented to Mrs. Grace Hicks from February 25, 1948, to February 1, 1949, at $125 per month, whereas the maximum legal rental was $50 per month, and prays for (1) a judgment for three times all overcharges received within one year preceding the filing of the suit (from July 2, 1948, to February 1, 1949, the alleged overcharges would amount to $525, and trebled $1,575), (2) for restitution of

all overcharges, in the sum of $840, and if granted, that judgment for treble damages be credited with amount ordered restored to tenant during year preceding filing of the complaint, and (3) that defendant be enjoined from making future overcharges.

Thus, the total amount prayed for by the plaintiff is $1,050 ($1,575 less $525, the amount of requested restitution for year preceding filing of complaint) plus $840, or $1,890.

Defendant filed a motion to dismiss on July 21, 1949, alleging "that the plaintiff lacks the legal right and capacity to institute and maintain this action".

The Housing and Rent Act of 1947 and the 1948 amendments thereto provided that in the case of overcharges (1) the person from whom the overcharges were received might maintain an action for treble damages, and (2) the Housing Expediter might maintain an action for "injunction, restraining order, or other order". And, by virtue of the decision of the Supreme Court in Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, the Housing Expediter could, in a proper case, obtain an order for restitution of the overcharges to the tenant. Furthermore, the restitution order could be granted whether or not an injunction was sought or had been denied. Ebeling v. Woods, 8 Cir., 175 F. 2d 242, 244.

The Housing and Rent Act of 1947 was again amended in 1949, and in addition to the right to request an injunction or "other order", the United States may now maintain a suit for treble damages, provided the tenant fails to institute an action within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action. Section 205, 50 U.S.C.A.Appendix, § 1895. This amendment became effective April 1, 1949, which was subsequent to the date of all of the alleged overcharges in the instant case. Thus, to sustain the plaintiff in its contention for treble damages, it will be necessary to give the 1949 amendment a retroactive effect. This point will be subsequently discussed.

■ Defendant points out that rent control has been terminated in the Hot Springs area, and therefore, it appears than an injunction will not be proper as to property situated in the decontrolled area. However, as stated above, the right to an order for restitution is not dependent upon the grant of an injunction, and the mere fact that rent control has been terminated will not of itself be determinative of the question of restitution for violations which occurred prior to the termination thereof. Also, the prayer for restitution, which is an equitable remedy governed by equitable principles in the sound discretion of the court, is not controlled by the one year statute of limitations, Woods v. McCord, et al., 9 Cir., 175 F.2d 919, so, in the instant case, the plaintiff is entitled to maintain an action for restitution, and the motion to dismiss should be overruled in so far as it applies to that phase of the plaintiff's complaint.

■ As to the right of the United States to maintain the suit for treble damages under the facts which appear from the allegations of the complaint, the first reference must be made to the statute to ascertain, if possible, the congressional intent. A reading of the appropriate provision, Section 205, fails to disclose an expression of intention that the right of the United States to maintain such an action applies retroactively to prior violations. Certainly, the general rule of construction is that any statute is intended to operate prospectively only. 50 Am.Jur. Statutes, Sec. 478. And, especially is this true when such retroactive operation would create a new liability or affect an existing liability to the disadvantage or detriment of a defendant. As stated in United States v. Magnolia Petroleum Company, 276 U.S. 160, 162, 48 S.Ct. 236, 237, 72 L.Ed. 509: "Statutes are not to be given retroactive effect or construed to change the status of claims fixed in accordance with earlier provisions unless the legislative purpose so to do plainly appears."

■ Apparently the Congress felt that the purposes of the housing and rent legislation could be more effectively accomplished by granting to the United States the authority to maintain an action for treble damages, but it did not state that this grant

of authority should have retroactive effect. The law making branch of the government is aware of the generally accepted canons of statutory construction, and in the absence of an expression of intention to the contrary, the court feels compelled to conclude that Congress intended a prospective effect only. This conclusion is borne out by an examination of the right created. As stated above, the United States (Housing Expediter under the 1947 Act and the 1948 amendment) previously could maintain an action for an injunction and restitution, which are equitable remedies addressed to the discretion of the court. Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754; Warner Holding Co. v. Creedon, 8 Cir., 166 F.2d 119. Now, by virtue of the 1949 amendment, the United States may sue for treble damages provided the tenant does not do so within 30 days. And, in the usual case, the burden on the United States in the latter case will be a lighter one, for the mere proof of an overcharge will entitle it to damages in at least the amount of the overcharge, whereas in the former case, proof of an overcharge is not necessarily conclusive because of the equitable nature of those remedies. It is readily seen that this will further imperil the position of the defendant, and especially is this true as a practical matter, for the history of this legislation has shown that the United States is much more apt to bring suit than the tenant. While this is no justification for an overcharge by a landlord, this situation was well known to the Congress, and, in fact, was the reason for granting this additional authority. Nevertheless, Congress did not provide for retroactive application, and as stated above, this court will not read into the statute such an intention.

It should be noted that the public is greatly interested in rent control as a preventive of inflation, as well as other economic reasons, and that interest is the primary consideration in allowing actions for overcharges. Ebeling v. Woods, supra; Woods v. McCord, supra. That the additional grant of authority to the United States by the 1949 amendment will more effectively insure the fulfillment of this purpose is undoubted, because it will make more hazardous the practice of overcharging on rents. However, as a practical matter there appears to be no great urgency in invoking the new grant of authority, for the Housing Expediter has consistently asked for restitution in the past, and as evidenced by the reported cases, the courts have unhesitatingly granted the same, except in extreme cases. Furthermore, the court is certain that heretofore the Housing Expediter has taken the necessary steps to obtain restitution in every meritorious case that has been called to his attention, and the practical effect of the 1949 amendment will not be to reach more landlords who have been violating the provisions of the Act, but merely to increase the penalty on those landlords who would have been made to restore the overcharges in any event. Thus, it is seen that the public interest has been reasonably protected in the past, and had the Congress felt any great necessity for retroactive application of this provision, it seems obvious that it would have expressly so stated.

The court is aware of the contention of the plaintiff that "The amendment to Section 205 does not create the wrong nor does it increase the sanction. It merely allows the United States to invoke an existing sanction against a wrong already committed." In view of the court's holding that the Congress did not intend a retroactive effect, it is not necessary to consider this contention of plaintiff, which would be necessary if it appeared that Congress did intend such an effect, for then the question of whether it might constitutionally do so would be presented, and it would be necessary for the court to approach the problem in the light of the test applied by the Supreme Court in Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995, see, also: concurring opinion of Mr. Justice Frankfurter in Woods v. Stone, 333 U.S. 472, 479, 68 S.Ct. 624, 628, 92 L.Ed. 815, that "such retroactivity must be balanced against the mischief of producing a result which is contrary to a statutory design or to legal and equitable principles. If that mischief is greater than the ill effect of the retroactive application of a new standard, it is not the type of retroactivity which is condemned by law." How-

ever, in the opinion of the court, it is not necessary to determine whether the Congress could have given retroactive effect to the 1949 amendment.

Therefore, an order in accordance with the above, overruling the motion to dismiss in so far as the prayer of the complaint for restitution is concerned, and sustaining it in so far as the prayer for an injunction and treble damages are concerned, should be entered.