Myron HERRICK, Plaintiff-Appellant,

v.

David Knight SAYLER, Administrator,
etc., Defendant-Appellee.

No. 11930.

United States Court of Appeals
Seventh Circuit.

May 2, 1957.

Rehearing Denied July 8, 1957.

H. Hugh Kennerk, Fort Wayne, Ind., Hubert E. Wickens, Greensburg, Ind., Wickens & Wickens, Greensburg, Ind., Kennerk & Dumas, Fort Wayne, Ind., of counsel, for appellant.

Lee M. Bowers, Huntington, Ind., Bowers, Feightner & Palmer, Huntington, Ind., of counsel, for appellee.

Before DUFFY, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is a diversity action and the question presented concerns the construction of Indiana law as to the amount of recovery to which plaintiff may be entitled. The District Court dismissed the complaint of the plaintiff upon the ground that the actual amount in controversy was less than the amount necessary to confer jurisdiction, *i. e.*, $3,000. 28 U.S.C.A. § 1332.

Plaintiff brought this action in the United States District Court for the Northern District of Indiana, Fort Wayne Division, seeking to recover damages for the alleged wrongful death of his minor child. It was alleged in the complaint that plaintiff's minor child died on March 25, 1955, as the result of injuries sustained in an auto collision on that day caused by the negligent operation of a motor vehicle by defendant's decedent who also died as a result of injuries sustained in the collision. It was further alleged that plaintiff was caused to expend the sum of $433.77 in funeral expenses for his child. Judgment was demanded in the sum of $5,500.

Indiana law provides that "A father * * * may maintain an action for the injury or death of a child * * *." Ind.Stat.Ann. (Burns' Supp.1955) § 2–217. The measure of damages in an action for wrongful death of a child is the value of the prospective services of the child from the time of death until he would have attained his majority, less the cost of his maintenance and education, and such expenses necessarily incurred by reason of any injury and resulting death, *e. g.*, medical attention and funeral expenses. Jones v. Drewry's, Limited, U.S.A., 7 Cir., 149 F.2d 250; Hahn v. Moore, Ind.App., 133 N.E.2d 900, rehearing denied Ind.App., 134 N.E. 2d 705. At the time of the collision on March 25, 1955, and when this action was commenced on April 5, 1955, Indiana law provided:

"All causes of action shall survive and, may be brought, notwithstanding the death of the person entitled or liable to such action, by or against the representative of the deceased party * * *. *In any action for * * * wrongful death surviving*

*because of this section, the damages, if any recovered, shall not exceed* the reasonable medical, hospital or funeral expenses incurred, and a sum not to exceed one thousand dollars \* \* \* for any and all other loss, if sustained." (Emphasis added.) Ind.Stat.Ann. (Burns' 1946 Replacement) § 2–403.

■ From the nature of the case and the facts alleged in the complaint, if the recovery limitation prescribed by Section 2–403 is applicable to plaintiff's cause of action, the motion to dismiss by the defendant was properly granted. In 1955 Section 2–403 was amended, Ind.Acts 1955, c. 257, § 1; Ind.Stat.Ann. (Burns' Supp.1955) § 2–403, to increase the amount recoverable to $5,000 in addition to the previously recoverable incidental expenses. The amendment was signed by the governor on March 11, 1955, and the governor's proclamation as to legislative acts was on June 30, 1955. The amendment did not contain an emergency clause nor any provision concerning its *effective date.* In these circumstances Indiana law is clear that the amendment did not become effective until distributed to the several counties as shown by the proclamation of the governor on June 30, 1955, which was subsequent to the date of the alleged tortious act and the commencement of this action. Ind.Const. art. 4, § 28; State ex rel. White v. Grant Superior Court, 202 Ind. 197, 172 N.E. 897, 71 A.L.R. 1354; Schwomeyer v. State, 193 Ind. 99, 138 N.E. 823; State v. Williams, 173 Ind. 414, 90 N.E. 754; Lautenschlager v. Walgamott, 80 Ind. App. 198, 137 N.E. 781.

Plaintiff contends that although the parent's action afforded by Section 2–217 survived the death of the alleged tortfeasor by virtue of Section 2–403 such recovery as he may be entitled to is not subject to the limitation of Section 2–403. If this be true, the motion to dismiss was not properly granted. Jones v. Drewry's, Limited, U. S. A., 7 Cir., 149 F.2d 250; see also Hahn v. Moore, Ind.App., 133 N.E.2d 900, where a jury award of $20,000 against a living tortfeasor was

held not excessive. However, plaintiff's contention must fail, for Section 2–403 expressly refers to actions such as the present one. In pertinent part Section 2–403 provides, *"In any action for \* \* \* wrongful death surviving because of this section \* \* \*."* (Emphasis added.)

■ Plaintiff insists that the language "wrongful death" refers to actions brought pursuant to Indiana's general wrongful death act, Ind.Stat.Ann. (Burns' 1946 Replacement) § 2–404, and that the parent's action is separate, distinct and independent of the wrongful death act, citing Hahn v. Moore, supra. It was held in the Hahn case that the amount recoverable in a parent's action was not subject to the recovery limitation of Section 2–404 and that the statutory limitation period applicable to actions pursuant to Section 2–404 was not applicable to a parent's action. The action there was against a living tortfeasor and the court did not consider nor have occasion to consider the question presented by the instant case. And surprisingly enough, we have not found any Indiana decision which bears on the specific problem presented here. Plaintiff attempts to derive comfort from the distinction made in the Hahn case that "the parent's right [§ 2–217] arising from the loss of services of his minor child is a property right based upon the pecuniary loss suffered by the parent when wrongfully deprived thereof, while the right of the widow or next of kin to recover [§ 2–404], through the personal representative, for any injury they may have sustained by reason of the death of an adult is grounded upon their pecuniary interest in the life of the decedent." 133 N.E. 2d at page 903. Whatever the theory of injury in a parent's action may be, it is an action for damages for the causing of the death of the child by a wrongful act, be that act one of negligence or a wrongful act of a different character. The problems that may arise in regard to Sections 2–217 and 2–404, *inter se,* do not suggest an answer to the question of the measure or limitation, if any, of recovery in a parent's action where the tortfeasor

has died. In Mayhew v. Burns, 103 Ind. 328, 336, 2 N.E. 793, 798, the court, in considering the relationship of the parent's action and the wrongful death act, said, "The two sections above quoted were, we think, intended to accomplish the same end as the statute 9 and 10 Vict. 93, commonly known as 'Lord Campbell's Act.'" We think that Section 2–217 is simply a statute authorizing the recovery of damages for death by wrongful act in a special class of cases and that an action thereunder is an "action for * * * wrongful death surviving because of" Section 2–403.

Plaintiff next insists that the 1955 amendment to Section 2–403 was here applicable because it must be given retroactive effect. Indiana follows the general rule that statutes will not be given a retroactive operation, unless the legislature unequivocally expresses a contrary intent, if by making them so operate vested rights and obligations will be affected. Standard Acc. Ins. Co. v. Miller, 7 Cir., 170 F.2d 495; Heekin Can Co. v. Porter, 221 Ind. 69, 46 N.E.2d 486; Chadwick v. City of Crawfordsville, 216 Ind. 399, 24 N.E.2d 937, 129 A.L.R. 469; Creighton v. Schafer, 117 Ind.App. 518, 72 N.E.2d 360. An exception to this general rule is recognized with regard to remedial statutes—where retroactive operation is necessary to carry out the purpose of the law and no new rights are given or existing rights taken away, but only a new remedy is afforded for the enforcement of an existing right. Standard Acc. Ins. Co. v. Miller, supra; Connecticut Mut. Life Ins. Co. v. Talbot, 113 Ind. 373, 14 N.E. 586; In re Smith, 115 Ind.App. 494, 60 N.E.2d 147. The amendment under consideration is silent as to any legislative intent that it should be given retroactive effect, and no cases decided by the Indiana courts have been found which bear closely to the specific problem here—whether retroactive operation will be given a statute so as to affect an existing liability to the detriment of the defendant. Since there are no Indiana decisions on this point we are justified in examining the decisions of the courts of other jurisdictions to determine how this question should be decided.

In other jurisdictions where the same general rules of statutory construction are followed as those followed by the Indiana courts and in cases quite similar to the instant case, statutes increasing liability have been denied retroactive operation. See, e. g., Field v. Witt Tire Co. of Atlanta, Ga., 2 Cir., 200 F.2d 74 (Conn.Law); Monroe v. Chase, D.C. E.D.Ill., 76 F.Supp. 278 (Ill.Law); Regan v. Davis, 290 Pa. 167, 138 A. 751, 54 A.L.R. 1073; Keeley v. Great Northern Ry. Co., 139 Wis. 448, 121 N.W. 167; Theodosis v. Keeshin Motor Express Co., 341 Ill.App. 8, 92 N.E.2d 794; Cf. United States v. Mashburn, D.C.W.D.Ark., 85 F.Supp. 968. Although these decisions are obviously not controlling here, they are highly persuasive as to the rule Indiana should and would adopt.

We hold that the amount recoverable by plaintiff in this action was subject to the recovery limitation as provided in Section 2–403 before its amendment in 1955. The District Court, therefore, properly granted defendant's motion to dismiss.

The judgment of the District Court is affirmed.

On Petition for Rehearing.

PER CURIAM.

The petition for a rehearing lays considerable stress on the fact that we stated in our original opinion that this action was commenced on April 5, 1955, whereas the correct date was April 5, 1956. Consequently, this action was commenced after the effective date of the amendment to Section 2–403, Ind. Stat.Ann. (Burns', 1946 Replacement), and not before, as was stated in the opinion.

This misstatement as to dates does not affect the result reached herein. The cause of action arose before the effective date of the amendment. The prior statute is applicable unless the amendment can be given a retroactive operation.

Southern Indiana Ry. Co. v. Peyton, 157 Ind. 690, 61 N.E. 722. We have decided that the amendment under consideration cannot be retroactively applied to a cause of action which accrued prior to the effective date of the amendment.

The petition for rehearing is denied.