HERMAN DEININGER *et al.*

*v.*

MURRAY McCONNEL.

1. DEED — *acknowledgment — record — curative law.* Where two deeds made by a patentee to different persons, for the same piece of land, in October 1818, and acknowledged in the State of New York, the first before a commissioner, on the 13th of March, 1819, and recorded at Edwardsville the 3d of January, 1820, the latter in date acknowledged before a notary public, on the 14th day of October, 1818, the date of the deed, and again on the 29th of that month, before a commissioner, and was recorded on the 19th of January, 1819, both executed and acknowledged and recorded before the adoption of the curative act of December 30, 1822,—*Held,* that as neither deed was so acknowledged as to entitle it to record, the effect of that act was to record both at the same instant of time, and left the operation of the deeds as at common law, and that the first executed passed the title to the land described in it, which was an undivided half of the tract.

41 227
131 47

41 227
155 521

41 227
172 414

41 227
95a [1]505
95a [2]507

41 227
195 [1] 67

Statement of the case.

2. SAME. Where an acknowledgment bears a date subsequent to that of the execution of the deed, it does not rebut the presumption that the deed was delivered on the day it bears date.

3. SAME — *seal to copy.* Where a certified copy of deed is produced as evidence, and the word "seal," surrounded by a scroll, is found where a seal is usually placed, as the recorder in making a copy never attaches a seal of wafer or wax, the presumption will be indulged, that the original was properly sealed.

4. EVIDENCE — *lost deed, affidavit.* Where an affidavit states that the original deed was not, or ever had been, in the possession of the party offering the copy, or in his power or control, or that of his agent or attorney, *held,* this was a compliance with the statute and authorized the reading of the certified copy in evidence.

5. CONVEYANCE — *recording — retrospective law.* A law not retrospective in terms, cannot be held to operate on previous transactions; so an act which declares that deeds not proved or acknowledged so as to entitle them to record, when spread on the record, shall be notice to subsequent purchasers, was only intended to apply to deeds thereafter made; but, had it been intended to operate on deeds previously made, the legislature have no power to alter the rights of grantees, or to transfer one man's land to another. A plaintiff in ejectment claiming in his declaration to be "sole seized," cannot recover an undivided half of the land.

APPEAL from the Circuit Court of Bureau county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action of ejectment, brought by Murray McConnel, in the Bureau Circuit Court, to the September Term, 1864, against Herman Deininger and Lewis Deininger, for the recovery of the S. E. 23, 15 N. R., 7 E., 4 prin. mer. The general issue was filed by defendants.

A trial was had by the court, a jury having been waived by consent of parties. Plaintiff, on the trial, read a patent from the United States government for the land in controversy; also a deed from William Daniels, the patentee, to Horace Jones, dated the 14th day of October, 1818, and acknowledged before a notary public on the same day, and subsequently before a commissioner of deeds in New York, on the 29th day of the same month. On the back of this deed was a certificate that it was recorded at Edwardsville, in this State, on the 19th day of January, 1819.

He also read in evidence a certified copy of a deed from Horace Jones and wife to Paris Mason, dated December 30, 1822, acknowledged the same day, and recorded the 11th of October, 1823, at Pittsfield, in this State. A deed from Paris Mason and his wife to James P. Mason, dated the 2d of June, 1849, acknowledged on the 4th, and recorded on the 19th in Bureau county. Also a deed from James P. Mason to himself, dated the 25th of December, 1849, acknowledged on the 28th, and recorded on the 5th of January, 1850, in Bureau county. Defendants admitted possession.

Defendants, to show an outstanding title, offered a certified copy of a deed from Daniels, the patentee, to Parkus Willard, conveying an undivided half of the land, with certified copies of acknowledgment and of recording, which deed purported to bear date the 7th day of October, 1818, acknowledged on the 13th of March, 1819, before a commissioner of deeds in New York, and recorded on the 3d of January, 1820, at Edwardsville, in this State. As a foundation for the introduction of this copy, an affidavit was filed that the original deed was not, nor had it ever been, in the possession, power or control of defendants, or either of them, or their attorney or agent, and that it was not in their power to produce it on the trial.

Plaintiff objected to the reading of this copy in evidence, but the objection was overruled and the copy was admitted, and an exception was taken.

Upon this evidence the court found the issue for the plaintiff, and defendants entered their motion for a new trial, which was overruled by the court, and a judgment rendered on the finding, from which defendants appeal to this court, and ask a reversal of the judgment.

Mr. M. Shallenberger, for the appellants.

Mr. Milo Kendall and Mr. George O. Ide, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

This was an action of ejectment, for the recovery of the N. E. quarter of section 23, T. 15, N. R. 7, E. 4 principal meridian, in Bureau county. Issue was joined, and a trial was had. Appellee traced title from the United States to himself. In his chain of title, was a deed executed by Daniels, the patentee, to Horace Jones, dated October 14, 1818. On this deed there were two certificates of acknowledgment made in the State of New York; one on the date of the deed, given by a notary public, and the other dated on the 29th of the same month, and given by a commissioner. This deed appears to have been recorded at Edwardsville, on the 19th day of January, 1819.

Appellants offered in evidence the copy of a deed, duly certified by the clerk, which purported to have been recorded in Bureau county, and appeared to have been executed by Daniels, the patentee, to one Parkus Willard. It purported to convey the undivided half of the land in controversy, and was dated on the seventh day of October, 1818, seven days before the other, introduced by appellee. It was also acknowledged in New York, before a commissioner, on the 13th of March, 1819, and recorded on the 3d of January, 1820, at Edwardsville. The offer to read this copy in evidence was based upon an affidavit, stating that the original deed was not, nor had "it ever been in the possession, power or control of the defendants, or either of them, or their attorney, or agent, and was not in their power, or of either of them, to produce the original on the trial." Against the objection of appellee the copy was admitted in evidence. The court found for plaintiff below, and rendered a judgment against defendant, from which he appeals to this court.

It is urged, that this copy of a deed, read in evidence, showed an outstanding title for one-half of the land, and, as appellee had sued for the whole quarter, he was not entitled to recover either the whole or an undivided half. This question turns upon the effect which shall be given to the two deeds executed by Daniels, the patentee. They were executed in another State, and were attempted to be acknowledged before officers, who, at the time, had no authority to receive acknowledgments and

grant certificates, under our statutes then in force. They were also recorded before the passage of the act of December 30, 1822. The second section of that act (Sess. Laws, 86) declares that all deeds and conveyances of land in this State, which had been executed and acknowledged in conformity with the laws of the State or territory in which they were executed, and which had been reduced to record, should be deemed and held to be duly executed and recorded in as full and perfect a manner as if such deeds and conveyances had been proved and acknowledged according to the laws of this State.

Neither deed having been properly acknowledged to entitle it to record, when they were copied upon the record books, and both of them being precisely in the same situation when the act of 1822 was adopted, except the dates, the act could have no effect on one deed over the other.

Each fell equally within the provisions of the act, and, as it did not validate either one over the other, it left them both simultaneously recorded, and, as at common law, the oldest deed must have the preference. By the deed of the seventh of October, the grantor held the undivided half of the land as against the grantee of the deed of the fourteenth of that month. And, as he obtained no advantage by the act of 1822, he was in no better condition after its passage than before. *Noakes* v. *Martin,* 15 Ill. 118. That case is decisive of that question.

It is, however, insisted, that, as the acknowledgment of the first deed bears date after the latter was executed, we must, therefore, infer that the first deed was not delivered and did not become operative until the time of its acknowledgment. And, inasmuch as a delivery is essential to the validity of a deed, the deed of the patentee, bearing the later date, was the first to become operative to pass the title, and that it is, in fact, the elder deed. It is believed that the rule is well established, that the presumption must be indulged, that a deed was delivered at the time when it bears date. It may even be averred and proved, that it was delivered on a different day; but the presumption is, that it was on the same day, and that presumption must stand until the contrary is proved. *McConnell* v.

*Brown,* Litt. Select Cases, 459; and numerous other authorities might be referred to in support of the proposition, if it were deemed necessary.

It was also urged, that the deed, of which this was a copy, was not sealed. The copy, when produced, only showed the word "seal" in a scroll, at the place where the seal is usually placed. This, under our present statute, is all that is required; but it is urged, that the law had not authorized a scroll to be used at the time when this deed was executed, and the common law seal of wax or wafer would alone have answered. Admitting this to be true, still, in practice, the recorder never attaches a seal of wax to the transcript he makes of the original, but simply uses a scroll to represent a seal, sometimes writing therein the word "seal." And, when a copy from the record is produced, having such a representation, we must presume that the seal to the original was such as the law requires. It appears from the copy, that the grantor says that his seal was attached, and as a *fac simile* cannot be transferred to the record, it will be held good until it is shown that a proper seal was not attached.

It was further urged, that Strong's affidavit was not sufficient to authorize the introduction of this copy. That it should have positively stated the existence of the original deed. We do not perceive any force in this objection. Under previous decisions of this court we should have considered the objection well taken, but the legislature in 1861, to modify the rule we had theretofore adopted, changed the law. The affidavit describes a deed, calls it the original, and then observes every requirement of the statute. Nothing required has been omitted, and there was no error in admitting the copy in evidence. In the case of *Pardee* v. *Lindley,* 31 Ill. 174, no reference seems to have been made to the act of 1861, either in the briefs or in the opinion of the court. And the admission of the certified copy is placed on the sufficiency of the affidavit, and, being sufficient under the construction given to the act of 1845, it was placed upon that ground, and the act of 1861 was not referred to in deciding the case. But, it does not follow, because

that affidavit conformed to the previous decisions, and it was so held, that this affidavit is not sufficient under the present act.

The case of *Dickinson* v. *Breeden*, 25 Ill. 186, although reported as of the November Term, 1860, was, in fact, determined at the January Term, 1861. It is understood by the court, that the decision in that case led directly to the enactment of the law of 1861, and that it was intended to obviate the construction then placed on the act of 1845. But, be this as it may, the evident design was to amend the twenty-fifth section of the conveyance act, and to give the construction contended for would practically defeat the design of the legislature. This affidavit, embracing all of the requirements of the act, must be held sufficient.

It is likewise contended, that the act of 1837 (Sess. Laws, 13) operates to cure the defect in the deed of the patentee to Jones. We do not perceive any language in that act which can be construed to affect a record of a deed made previous to that time. It is not retrospective in its language, nor will it bear such a construction. But, if it did, we are at a loss to perceive how the legislature could transfer one man's land to another. If Willard, holding the first deed, was the owner of the land at the date of this enactment, the legislature had no power to say, that acts already performed by Jones, which were nugatory, without any other act being done by either party, should become operative to transfer Willard's title to Jones. But such was not the design of the legislature, but only to give effect to the recording of deeds after the passage of the law. The act only declares, that instruments relating to, or affecting title to, real estate, when recorded, shall be notice, although not properly proved or acknowledged, but it does not say of deeds previously recorded that the first placed upon record should, although not entitled at the time to record, be considered as valid and binding.

Appellee having in his declaration claimed the whole title to the land and only established a title to an undivided half, cannot recover unless he amend his declaration by claiming

the interest which he owns.    The judgment of the court below is therefore reversed, and the cause remanded.

*Judgment reversed.*