THE PEOPLE *ex rel.* J. S. McCullough, Auditor of Public Accounts, Appellant, *vs.* DEUTSCHE EVANGELISCH LUTHERISCHE JEHOVAH GEMEINDE UNGEAENDERTER AUGSBURGISCHER CONFESSION, Appellee.

*Opinion filed February 25, 1911.*

1. CONSTITUTIONAL LAW—*power of legislature to exempt property from taxation is limited.* The enumeration in section 3 of article 9 of the constitution of certain specified property which may be exempted from taxation is a limitation upon the power of the legislature to exempt any other property.

2. SAME—*provision of Revenue act of 1909 exempting property of schools is invalid.* The provision of clause 1 of section 2 of the Revenue act of 1909, (Laws of 1909, p. 309,) exempting from taxation "all property of schools, including the real estate on which the schools are located, not leased by such schools or otherwise used with a view to profit," is beyond the power of the legislature and unconstitutional.

3. SAME—*provision of act of 1909 exempting property used exclusively for schools and religious purposes is valid.* Clause 2 of section 2 of the Revenue act of 1909, (Laws of 1909, p. 310,) which exempts from taxation "all property used exclusively for religious purposes or used exclusively for school and religious purposes," etc., is within the power of the legislature, but in determining whether property comes within that provision the statute must be strictly construed and debatable questions be resolved against the exemption.

4. TAXES—*tax exemption cannot be made by judicial construction.* Exemption of property from taxation cannot be made by judicial construction, and one claiming the benefit of a tax exemption statute must show clearly that his property is within the contemplation of the law.

5. SAME—*a party claiming tax exemption must state facts and not mere conclusions.* Upon an application to declare property exempt from taxation the applicant must present evidence of facts showing the uses to which the property is applied and bringing it clearly within the terms of the statute, and it is not sufficient to state, by affidavit, the conclusions of the affiant as to such uses.

6. SAME—*taxing authorities must decide question of exemption from facts stated.* The question whether property is exempt from taxation as property used exclusively for "religious purposes" or "school and religious purposes" must be determined by the taxing

authorities from the facts stated, and unless facts are stated from which it can be seen that the use is a religious or school use within the meaning of the constitution, taking the words in their ordinary acceptance, the property cannot be held to be exempt.

7. SAME—*what is a "religious purpose" as meant by the constitution.* A "religious purpose," as meant by the provision of the constitution concerning exemption from taxation, is a use of property by a religious society or body of persons as a stated place for public worship, Sunday schools and religious instruction.

8. SAME—*what is a "school" within meaning of constitution.* A "school," within the meaning of the provision of the constitution exempting from taxation property used exclusively for "school purposes," is a place where systematic instruction in useful branches is given by methods common to schools in the common acceptation of that word, as distinguished from what are called schools where instruction is given in dancing, riding, deportment and like things.

9. SAME—*status of property for taxation is fixed on the first day of April.* The Revenue law fixes the first day of April in each year as determining the status of property for taxation, and provides that taxes upon real property, with penalties, interest and costs that shall accrue thereon, shall be a prior and first lien on such property from and including the first day of April in the year in which the taxes are levied, although the amount of taxes have not been determined on that day.

10. SAME—*Revenue act of 1909, exempting property from taxation, does not have retrospective operation.* There is no language in the act of 1909, relating to the exemption of property from taxation, in force July 1, 1909, (Laws of 1909, p. 309,) which indicates that the act shall be given retrospective operation, and hence property which was not exempt from taxation under the law as it stood on April 1, 1909, cannot have the benefit of said act as respects taxes levied for that year.

11. STATUTES—*intention to make an act retrospective must be clear.* Retrospective laws, even though they might be valid, are looked upon with disfavor, and an intention that laws shall have such operation will not be declared by the courts unless it is manifested by most clear and unequivocal expressions.

AUDITOR's certificate of appeal to review decision of Board of Review of Cook county.

W. H. STEAD, Attorney General, and CHARLES E. WOODWARD, for the Auditor.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Deutsche Evangelisch Lutherische Jehovah Gemeinde Ungeänderter Augsburgischer Confession, a corporation, claiming that its real estate was exempt from taxation, applied to the board of review of Cook county to declare the same exempt from the taxes for the year 1909. The board decided that the property was exempt, but the Auditor of Public Accounts objected to the decision and advised the board of his objections, and, by virtue of the fourth paragraph of section 35 of the act for the assessment of property, applied to this court for an order setting aside said decision. Notice has been given to the corporation of the application to this court.

The claim of exemption presented to the board of review was supported by an affidavit that the owner of the property was a religious corporation, the management of which was vested in a board of five trustees; that the property, consisting of three lots in the city of Chicago, improved by a three-story brick building, was acquired on February 24, 1908, in pursuance of the objects and purposes of the corporation; that the corporation was an institution of religious worship; that the property and building had been used by the corporation for religious and school purposes, only, from the time the corporation became the owner and would be so used exclusively in the future, and was not leased or otherwise used for any purpose of obtaining profit out of the same.

The property was not exempt from taxation under the law in force prior to July 1, 1909. By the statute in force up to that time church property was only exempt when actually and exclusively used for public worship. (*People v. Anderson,* 117 Ill. 50.) The affidavit did not show that the property was so used, but showed that it was used for the two purposes of religious uses generally, and school

uses. All property of institutions of learning, including the real estate on which they were located, not leased by such institutions or otherwise used with a view to profit, was also exempt, but the affidavit did not show that this was an institution of learning, which included only those institutions where the higher branches were taught. (*McCullough* v. *Board of Review of Peoria County*, 183 Ill. 373.) The only question, therefore, is whether the property became exempt from taxation by virtue of the amendment of section 2 of the Revenue act, which became effective July 1, 1909. (Laws of 1909, p. 309.) That section, as so amended, provides that all property described in it shall be exempt from taxation, and one species of property mentioned therein is, "all property of schools, including the real estate on which the schools are located, not leased by such schools or otherwise used with a view to profit."

Article 9 of the constitution, after subjecting, in general terms, all property to taxation, provides in section 3 that such property "as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes," may be exempted from taxation. The enumeration in the constitution of certain specified property which may be exempted is a limitation upon the power of the legislature to exempt any other property, under the well known rule that an enumeration of certain specified things excludes all others not therein mentioned. (*People's Loan and Homestead Association of Joliet* v. *Keith*, 153 Ill. 609.) It was therefore not within the power of the General Assembly to provide that property should be exempt because it is the property of schools, and that provision is in violation of the constitution. That attempted exemption is followed by an exemption of "all property used exclusively for religious purposes or used exclusively for school and religious purposes and not leased or otherwise used with a view to profit." That provision is within the grant of power to the General Assembly, but

in determining whether property comes within the provision the statute is to be strictly construed and debatable questions are to be resolved against the exemption. The exemption is not to be made by judicial construction, and one claiming a benefit under the statute is required to show clearly that the property is exempt within the contemplation of the law.. (*Montgomery* v. *Wyman,* 130 Ill. 17; *People* v. *Peoria Mercantile Library Ass'n,* 157 id. 369; *People* v. *Watseka Camp Meeting Ass'n,* 160 id. 576; *Bloomington Cemetery Ass'n* v. *People,* 170 id. 377; *Sanitary District of Chicago* v. *Martin,* 173 id. 243; *State Council of Catholic Knights* v. *Board of Review,* 198 id. 441.) Under this rule, when an application is made to declare property exempt from taxation, the party making the application must present evidence of facts showing the uses to which the property is applied and bringing it clearly within the terms of the statute, and it is not sufficient to state, by affidavit, the conclusions of the person who makes the same. The taxing authorities must decide the question from a consideration of the facts stated, and not from the conclusion of any person as to what comes within the scope of religious and school purposes. Unless facts are stated from which it can be seen that the use is religious or a school use in the sense in which the term is used in the constitution the application should be denied. The words used in the constitution are to be taken in their ordinary acceptation and under the rule of strict construction, which excludes all purposes not within the contemplation of the framers of that instrument. While religion, in its broadest sense, includes all forms and phases of belief in the existence of superior beings capable of exercising power over the human race, yet in the common understanding and in its application to the people of this State it means the formal recognition of God as members of societies and associations. As applied to the uses of property, a religious purpose means a use of such property by a religious society

or body of persons as a stated place for public worship, Sunday schools and religious instruction. A school, within the meaning of the constitutional provision, is a place where systematic instruction in useful branches is given by methods common to schools and institutions of learning, which would make the place a school in the common acceptation of the word. What are called schools are conducted for teaching dancing, riding, deportment and other things, which are not schools in the ordinary sense. The affidavit in this case merely stated conclusions with respect to the use of the property for religious and school purposes and did not state the facts upon which the conclusions were based.

Assuming, however, that the necessary facts existed and that the property was used exclusively for religious and school purposes, it was not exempt from taxation unless it was relieved by the act which took effect on July 1, 1909, from a liability that had already accrued. In determining whether it was so relieved, the rule of strict construction already stated is to be applied and also a further rule which is applied to all statutes. That rule is, that statutes are not to be given a retrospective operation, even where the General Assembly might rightfully give them such operation, unless the intention to do so is clearly expressed. No rule of interpretation is better settled than that no statute will be allowed a retrospective operation unless the will of the General Assembly is declared in terms so plain and positive as to admit of no doubt that such was the intention. Retrospective laws, although they may be valid, are looked upon with disfavor, and an intention that laws shall have such operation will not be supposed unless manifested by the most clear and unequivocal expressions. (*Garrett* v. *Wiggins,* 1 Scam. 335; *Bruce* v. *Schuyler,* 4 Gilm. 221; *Deininger* v. *McConnel,* 41 Ill. 227; *Hansen* v. *Meyer,* 81 id. 321; *People* v. *Thatcher,* 95 id. 109; *Hosmer* v. *People,* 96 id. 58; *Voigt* v. *Kersten,* 164 id. 314.) The case of

*In re Tuller,* 79 Ill. 99, illustrates the application of the rule. In that case a widow executed a will in 1869 and married again during the same year. An act that took effect on July 1, 1872, provided that a marriage should be deemed a revocation of a prior will. She died March 6, 1874, and the case came within the literal terms of the act. It was held, however, that the act was prospective in effect and did not apply to any will where the marriage occurred prior to the passage of the act. In *People* v. *Peacock,* 98 Ill. 172, the principle was directly applied to the Revenue act. Section 177 of the Revenue act, as amended in 1879, provided that all due and unpaid taxes should bear interest after the first day of May at the rate of one per cent per month, and at the July term, 1880, application was made to the county court of Cook county for judgment and order of sale against real estate for the taxes, interest and costs for the years 1873 to 1879, inclusive. The collector insisted that the court should include in the judgment interest from May 1, 1880, but the court refused to allow interest on the taxes due and unpaid for 1878 and prior years. There was no doubt concerning legislative power to impose the penalty as to long due and unpaid taxes, but this court affirmed the judgment because such an application of the statute would give it a retrospective operation.

The Revenue act fixes the first day of April in each year for determining the status of property for taxation, and provides that taxes upon real property, with penalties, interest and costs that shall accrue thereon, shall be a prior and first lien on such real property from and including the first day of April in the year in which the taxes are levied, although the amount of the taxes has not been determined on the first day of April. The liability to taxation and the lien for whatever taxes may be levied for that year are fixed on that date. We have held that property acquired after the first day of April in any year is not exempt by virtue of an act taking effect on the first day of July after-

ward. (*People v. St. Francis Academy*, 233 Ill. 26; *People v. Ladies of Loretto*, 246 id. 403.) There is no language in the statute exempting property from taxation which shows a purpose to give it retrospective operation by releasing the statutory lien, and without such operation the property here involved was not exempt from taxes for the year 1909.

The decision of the board of review of Cook county is set aside and annulled.          *Decision set aside.*