In re CHICAGO RYS. CO.

CHICAGO TRANSIT AUTHORITY v.
PEOPLE et al.
Nos. 9892, 9893.

United States Court of Appeals
Seventh Circuit.
Nov. 18, 1949.

Werner W. Schroeder, G. T. Hellmuth, Chicago, Ill. (E. R. Reichard, W. D. O'Neill, Chicago, Ill., of counsel), for appellant.

John S. Boyle, State's Attorney, Melvin F. Wingersky, Assistant State's Attorney, Thomas Dodd Healy, Harold Stickler, Wm. J. Froelich, Jacob Grossman, Chicago, Ill. (Gordon B. Nash, Assistant State's Attorney, Healy & Stickler, Irving A. Gordon, Chicago, Ill., of counsel), for appellees.

Before KERNER, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Pursuant to an order of the District Court entered in the course of reorganization of the Chicago Surface Lines, Debtors, requiring the State of Illinois to file any and all claims for taxes against the property of the debtors, in behalf of itself and its authorized agents, within a certain time or be forever barred, the state, on August 2, 1948, filed its claim for taxes assessed against the estate's personal property for the year 1947 in the amount of $1,620,695.-85, less $540,231.95 previously paid. The Chicago Transit Authority, who acquired the property on September 30, 1947, pursuant to a sale ordered and approved by the court, filed its answer and objections, asserting that, inasmuch as it had purchased the property during the year for which the taxes were assessed and, inasmuch as, under the statute and decisions of the Supreme Court of Illinois, it was exempt from taxation, the court should find that the state's claim for that portion of the taxes for the year represented by the period between September 30, 1947 and December 31, 1947 should be denied.

The state's motion to strike the answer and objections of the Authority was granted. The court held that, under Section 509 of the Revenue Act, Chapter 120, par. 28, Ill.Rev.St., the owner of the property on April 1, was liable for the taxes of that year; that, on that date, the property taxed was owned by debtors; that title thereto passed to the Authority on September 30, 1947; that, notwithstanding the latter's undisputed right to exemption from taxation, since it was not the owner on April 1, no

exemption under the Illinois law could ever come into existence, in so far as this property is concerned, for the year 1947. It concluded, further, that, under the terms of the plan of reorganization, the Authority undertook, by its acceptance of the plan, to reimburse the trustees for the pro rata share of all property taxes legally levied or assessed against the debtors' property for the year in which the property was sold, that is, 1947, and that this contractual provision was intended to adjust the purchase price as of the date of transfer.

Upon appeal the Authority urges that the court erred in allowing the motion to strike and should have held that the claim for that portion of the taxes for the year 1947 represented by the last four months of that year, subsequent to the acquisition of title by the Authority, should have been denied, because of the Authority's statutory exemption. It contends also that the court erred in holding that the tax proration provision of the plan was intended to burden the Authority with any portion of the year's taxes. Both the state and the trustee for the debtors insist that, inasmuch as no claim for taxes is asserted against the Authority, the only liability to which it is subjected is its contractual obligation under the plan whereby it agreed to include in its purchase price its pro rata share of the taxes.

As we have observed, the legislature has provided that the owner of property on the first day of April in any year shall be liable for the taxes for that year. Thus, on April 1, 1947, the debtors were the owners of the property and pro forma, on that date, their liability for the taxes for the year attached; that liability has not been discharged and the debtors are, under the statute, still obligated for all taxes legally assessed for the year 1947. The state has assessed no taxes against the Authority. It has assessed the taxes for 1947 upon the personal property of the debtors only against the debtors, who were the owners on April 1 of that year and who, under the statute, remain liable.

We think this simple statement of facts should dispose of the issues involved here. In Illinois, it matters not

what an owner of property may do with it within the year after April 1; he may sell it or give it away, but nothing that he does will lessen his liability for the taxes. True, under the statute, no lien upon personal property to secure the taxes thereon attaches until their amount shall have been determined and certified to the collector, but the inchoate statutory liability of the owner to pay the taxes upon personal property exists thenceforth after April 1, without limitation of any character whatsoever. Consequently, when the trustee sold the property to the Authority on September 30, 1947, nothing occurred in that transaction which in anywise relieved the estate from its liability for the taxes, and if any liability accrued against the Authority, it was a contractual liability arising from the contract of the parties. The sale did not affect in anyway the state's right to recover the taxes from the owners.

We think this is the law of Illinois. Thus, in People v. Deutsche Gemeinde, 249 Ill. 132 at page 138, 94 N.E. 162, 165, which had to do with real estate taxes, the court said: "The revenue act (Hurd's Rev. St.1909, c. 1207, § 347) fixes the 1st day of April in each year for determining the status of property for taxation * * * although the amount of the taxes has not been determined on the 1st day of April. The *liability to taxation* and the lien for whatever taxes may be levied for that year are fixed on that date." (Italics ours.) Though the lien for real estate taxes attaches as of April 1, while that for personal property attaches only after certification to the collector, we think that fact is immaterial. We are dealing with liabilities for taxes, liabilities to the state, and when the court said that the liability for taxes is fixed on that date, its intent, we think, was clearly such that, from and after April 1, 1947, the debtors were liable for the taxes for the entire year. The language of People v. Catholic Bishop of Chicago, 311 Ill. 11, 16, 142 N.E. 520, 522, cited with reference to exemption, is likewise pertinent in this connection. The court said: "By the Revenue Act property is required to be assessed 'with reference to the ownership, amount, kind and value'

on the 1st day of April. Property owned on that day which is not exempt is taxable, although it may thereafter be devoted to a purpose which would exempt it from taxation."

In Biggins v. People of the State of Illinois, 96 Ill. 381, in an action to enforce a tax liability against a purchaser of property subsequent to May 1, the then date of assessment in Illinois, the court said: "As to the matter of a personal action, to recover unpaid taxes, the 59th section of the Revenue act provides that 'the owner of property on the first day of May in any year, shall be liable for the taxes of that year. The purchaser of property on the first day of May shall be considered as the owner on that day.' This, by implication, excludes the idea of a personal action against any person other than such owner. * * * the declaration should state the year for which the supposed tax upon the property was levied, and should also state the defendant was the owner of the property on the first day of May, in that year. People v. Winkleman, 95 Ill. 412."

We conclude that the court rightfully held that the claim of the state against the debtors and their trustee for the taxes legally assessed for 1947 was not affected by the sale thereafter made during the year to the Authority and that the latter's urgent plea that it was exempt from taxation has nothing to do with the taxes for 1947, so far as the liabilities of the debtors are concerned. Inasmuch as there is no assessment for the year 1947 against property which was then exempt, the Authority's contention that the court should have given consideration to its exemption is wholly beyond the point. If it has any remedy as against the former owner of the property with regard to the taxes representing the period after its purchase, it must arise solely by way of contractual liability.

■ Even were it the fact that the state was asserting a claim against the Authority, we think, in view of what we have said, the latter, having acquired its title to the property subsequently to the date when the liability for taxes attached, is in no posi-

tion to assert its exemption to defeat any portion of the assessment for 1947. The language of People v. Catholic Bishop of Chicago, supra; People v. Deutsche Gemeinde, supra, and People v. St. Francis Academy, 233 Ill. 26, 84 N.E. 55, seems conclusive in that respect. It may well be that other courts have found a valid distinction between the exemptions of religious or charitable institutions and those of municipal corporations under the statutes of their respective jurisdictions. But Illinois has made no such distinction; and the language of its statutes and of its decisions is such, we think, as to deny any such distinction in this jurisdiction.

 The Bankruptcy Court, being a court of equity and having jurisdiction of the rem, had jurisdiction to determine the rights and interests of all parties in interest and, therefore, the power to hear and determine whether there was involved any right of the Authority as against the trustee. The court disposed of that matter by saying: "The Plan of Reorganization in Article I-E(1) expressly provides for the proration of 'general, real and personal property taxes as of the date of transfer.' If this language is to be given its usual and customary meaning, or if in fact it is to have any meaning at all, it must be that the Transit Authority undertook by its acceptance of the Plan that it would reimburse the Trustee for a pro rata share of all property taxes legally levied or assessed against the Trustee for the year in which the sale and transfer of the property was to be made, having in mind the pertinent provisions of the Illinois statute. Section 28 of the Revenue Act. This contractual provision was intended to adjust the purchase price of the property as of the date of transfer." As we read the provisions of the plan, we think that this was a correct determination of the issue between the trustee and the Authority and that, therefore, its prayer for relief was rightfully denied.

In Part III of its answer, however, the Authority prayed, in the alternative, that, if it should not be allowed the statutory exemption or relieved of liability for one-fourth of the taxes on the grounds previously urged, then that it be permitted to adopt and join in the answer and objections of the trustee to the claim of the state. In view of the fact that the final determination of whether there are taxes legally due from the estate, upon the personal property owned by the debtors on April 1, 1947, will materially affect the Authority's rights, for, under the plan, it is bound to pay its pro rata share, it is such a party in interest as should have the right to resist, upon the merits, the legal validity of the personal property taxes for 1947 assessed against the debtors. To deny it that right would be to subject its property, acquired September 30, 1947, to a lien without a chance to be heard. It should have been given the right to be heard in defense of the validity of the taxes assessed against the trustee. We think the District Court should have permitted this portion of the Authority's pleading to stand. Therefore, the order sustaining the motion to strike is disapproved as to this part of the Authority's answer and objections. In all other respects it is affirmed.